■ CHARLES EAGLE, an Infant, by LARRY EAGLE, His Guardian ad Litem, et al., Respondents, v. NATHAN JANOFF, an Infant, by GERALD JANOFF, His Guardian ad Litem, Appellant.— In an action by the infant plaintiff to recover damages for personal injuries sustained by him, and by his father for medical expenses and for loss of companionship and services, the defendant appeals from an order of the County Court, Nassau County, dated April 21, 1960, granting plaintiffs' motion for summary judgment and striking out defendant's answer, pursuant to rule 113 of the Rules of Civil Practice. Order reversed, with $10 costs and disbursements, and motion denied. Defendant was 12 years of age at the time of the incident in question. The infant plaintiff was about the same age. They were part of a group of boys who were spending the weekend at a camp. Plaintiff and another boy were standing in the doorway of

their bunkhouse. Defendant's deposition on his examination before trial states that he ran into the two boys and "knocked them both down." His affidavit in opposition to the motion is in conformance with this statement, except that it characterizes the incident as an accident. It is undisputed that the infant plaintiff fell two or three steps to the ground and sustained a fractured wrist and other injuries. The papers do not show whether defendant's act was committed in the course of a game, or whether it was simply a physical outburst which may or may not have been accompanied by any evil intent, or to just what cause it could be attributed. The theory of action, as limited by plaintiffs' bill of particulars, is negligence. In determining whether the act of an infant was negligent, his age, intelligence and experience, and the circumstances under which the act was committed, must be taken into consideration (*Briese* v. *Maechtle,* 146 Wis. 89; *Hoyt* v. *Rosenberg,* 80 Cal. App. 2d 500; 67 A. L. R. 2d 570 *et seq.*; 173 A. L. R. 890 *et seq.*; Restatement, Torts, § 283, *Comment e*; cf. *Gloshinsky* v. *Bergen Milk Transp. Co.,* 279 N. Y. 54, 58; *Weidenfeld* v. *Surface Transp. Corp. of N. Y.,* 269 App. Div. 341). We do not regard *Williams* v. *Hays* (143 N. Y. 442); *Conklin* v. *Thompson* (29 Barb. 218); *Bullock* v. *Babcock* (3 Wend. 391) and *Harvey* v. *Dunlop* (Hill & Denio 193) as being to the contrary. In our opinion, the record presents triable issues of fact. Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ., concur.