OPINION OF THE COURT
Ira B. Harkavy, J.
This case presents a two-fold question. First, whether an infant of 11 years of age may be held liable for his negligent act, and second, whether a parent as legal custodian of the infant can be held liable for such acts.
The court finds the facts to be as follows. Paul Cangialosi, the infant herein, was playing a game commonly referred to as “monkey-in-the-middle.” The game is played by one person tossing an object to other persons with an individual in the center who attempts to intercept the throw. Admittedly, the defendant infant was on a public sidewalk, engaged in this game with other children. The children were using a set of keys on a chain as the thrown object. There is conflicting testimony as to whether the defendant threw the keys to another child also standing on the same sidewalk, or whether defendant aimed this throw at the adjacent two-way street toward the plaintiff’s car. The keys struck plaintiff’s passing vehicle which was proceeding on the opposite side of the street.
It is the defendant’s contention that he as an infant, is not liable to the plaintiff for damages to her vehicle because of defendant’s participation in a typical children’s *106 game, which was neither unlawful or inherently dangerous. However, the general rule is that an infant is responsible for his own torts (Rozell v Rozell, 281 NY 106, 109). The standard of conduct to which a child must conform to avoid being negligent is that of a reasonable child of like age, intelligence and experience under like circumstances. (Neumann v Shlansky, 58 Misc 2d 128, 130-131, affd 63 Misc 2d 587, affd 36 AD2d 540.) Children at play are not absolved from the obligation, which rests upon every person whether of full age or not, to exercise reasonable care to avoid injury to others. If personal injuries result from the failure of a child to exercise such reasonable care, there is actionable negligence for which the child is liable. (28 NY Jur, Infants, § 59, p 281.)
In the instant case there was conflicting testimony as to whether the infant defendant threw the keys to another child standing on the same sidewalk or tossed them into the street. It is undisputed, however, that the keys were thrown with a great degree of force because plaintiff’s car was traveling in the opposite lane on a wide two-way street.
Throwing a metal object, such as keys, whether tossed on a public sidewalk or into a street is an inherently dangerous act which creates a high risk of injury to passing motorists or pedestrians. Even defendant’s counsel in his brief states, “It is highly reasonable to anticipate that not every toss can be caught.” Assuming that the infant did not toss the keys into the street, the toss to another child on the same sidewalk might have resulted in injury to an innocent bystander.
The standard of conduct to which an infant is held is that of “ ‘what * * * is reasonable to expect of children of like age, intelligence and experience’ * * * if the conclusion is that the conduct of the child was . unreasonable in view of his estimated capacity, he may * * * be found negligent”. (Prosser, Torts [4th ed], § 32, p 155.) The court finds that an 11 year old has the capacity to appreciate the inherent risk and danger of throwing a small metal object onto a public walkway or street. Accordingly, the court finds the infant defendant liable to plaintiff for the sum sought in the complaint. The complaint is amended sua sponte to amend *107 the complaint to include an action against Paul Cangialosi, Jr., an infant under the age of 14 years by his natural guardian Paul Cangialosi, Sr.
Plaintiff additionally, seeks to hold the infant’s father liable in his capacity as the defendant’s legal guardian. In support of her case plaintiff cites section 3-112 of the General Obligations Law. Section 3-112 reads, in pertinent part “the parent or legal guardian * * * having custody of an infant over ten and less than eighteen years of age, shall, if such infant willfully, maliciously or unlawfully damages or destroys real or personal property * * * owned or maintained by another, be held liable for such damage or destruction”.
The court must examine whether or not the defendant infant’s conduct falls within the parameters of the statute. The act of throwing keys is. not per se unlawful, and therefore parental liability for an unlawful act would not attach in the case at hand.. The usual meaning assigned to “willful” is that the actor has intentionally done an act of an unreasonable character in disregard of a risk known to him or so obvious that he must be taken to have been aware of it, and so great as to make it highly probable that harm would follow. (Restatement, Torts 2d, § 500; Prosser, Torts [4th ed], § 34, p 185.) “Since, however, it is almost never admitted, and can be proved only by the conduct and the circumstances, an objective standard must of necessity in practice be applied.” (Prosser, Torts [4th ed], § 34, p 185.) The burden of proving willful or malicious conduct remains with the plaintiff. The court finds that the infant defendant, although acting negligently, was engaged in child’s play and did not act with willful or malicious intent. Therefore, no liability attaches under section 3-112 of the General Obligations Law. This section reiterates the common-law principal that “A parent is not responsible for the act of his child, but is responsible for his own failure to exercise reasonable care to restrain the child from so viciously conducting himself as to * * * others, provided the parent has knowledge of the child’s propensity toward such conduct. * * * By propensity toward vicious conduct is meant an habitual tendency to do an act that might endanger the person or property of others.” (PJI 2:261.) There has *108 been no testimony to establish such a propensity on the part of the infant.
Accordingly, judgment for plaintiff against the infant defendant Paul Cangialosi, Jr., by his natural guardian Paul Cangialosi, Sr., in the sum of $163.57 plus costs, disbursements and interest. Judgment for defendant Paul Cangialosi, Sr., as legal parent having custody of Paul Cangialosi, Jr., dismissing plaintiff’s action without costs or disbursements.