■ CARROLS CORPORATION, Respondent, v CANDY CANDY, INC., Formerly Known as SPECIALTY RETAIL CONCEPTS, INC., Appellant. [661 NYS2d 324] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly granted the motion of plaintiff for summary judgment on its cause of action for contractual indemnification. We reject defendant's contention that the indemnification cause of action was discharged in bankruptcy. Although plaintiff failed to file a proof of claim in Bankruptcy Court after defendant filed for reorganization pursuant to chapter 11 of the Bankruptcy Code (11 USC), the "discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt" (11 USC § 524 [e]). Because plaintiff sought "to proceed against a discharged debtor only for the purpose of recovering against [defendant's] insurer," the indemnification cause of action is not barred by the discharge injunction of the Bankruptcy Code (*Lumbermens Mut. Cas. Co. v Morse Shoe Co.,* 218

AD2d 624, 625, citing *Matter of Edgeworth*, 993 F2d 51, 54, n 6 [5th Cir], and *Green v Welsh*, 956 F2d 30 [2d Cir]).

We further conclude that this action is not barred by res judicata. Although plaintiff asserted a cross claim for contractual indemnification against defendant in a prior action, that claim was not submitted to the jury or ruled upon by the court (*see, Savage v Specialty Retail Concepts* [appeal No. 6], 179 AD2d 1059). The judgment in this action does not destroy or impair rights or interests established by the judgment in the prior action (*see, Schuykill Fuel Corp. v Nieberg Realty Corp.,* 250 NY 304, 306-307). Because the court properly granted summary judgment to plaintiff on the first cause of action, we need not reach defendant's remaining contention that the second cause of action is untimely. (Appeal from Order of Supreme Court, Onondaga County, Tormey, III, J.—Summary Judgment.) Present—Pine, J. P., Lawton, Callahan, Doerr and Balio, JJ.