OPINION OF THE COURT
Stanley L. Sklar, J.
In light of defendant For-Med Medical Group, P. C. counsel’s letter of March 27, 1998 advising that neither it nor any of the related entities (25-35 31st Avenue Corporation, Astoria Medical Group and Astoria Medical Group, P. C.), collectively hereinafter referred to as Astoria, has any insurance coverage which will cover the claims in this action despite For-Med’s bankruptcy proceeding, I shall proceed to a decision of the outstanding applications in this action.
Astoria moves for leave to amend its answer to assert cross claims sounding in indemnification and contribution against Drs. Seldman, Karakelides, Jaffe, Marone and Roberts. Dr. Marone cross-moves to assert the same claims against Astoria. Heretofore, none of the defendants has alleged cross claims against any other defendant, and, according to the individual defendants, all of the defendants have cooperated in the defense of the action as against the plaintiff. Whether Astoria should be permitted to cross-claim against the individual defendants is, to a large extent, dependent upon the effect of a settlement which Astoria reached in United States Bankruptcy Court for the Eastern District of New York.
*657 In 1994, after this action was commenced, Astoria declared bankruptcy.[1] On January 31, 1996, a hearing was held before the Honorable John J. Connolly, in which, inter alia, plaintiffs’ $8 million claim against Astoria, based on the personal injury claim, was settled. In the words of Astoria’s counsel in bankruptcy, “[w]e have agreed to make an amended answer [in the State court action] that will have claims by us, as defendant, against doctors who actually performed medical care on this claimant, and Perno has agreed to waive distribution on any claim that they have against us, above and beyond what is collected on those claims that we would be asserting against the doctors; so that we would not, the debtor would not have to go out of pocket to pay any claim to Perno, only the money that we would be getting for contribution or indemnification or whatever, from the doctors who performed medical care would be used to pay that claim. And we think it’s a very successful resolution because it gives Perno recourse against the party who is probably most responsible for whatever injuries are there, and it lets the debtor off the hook.” (Transcript of Jan. 31, 1996 hearing, at 9-10.) Counsel for plaintiff then stated that plaintiff “would not be withdrawing the claim against the debtor,” but would agree to “limit [Perno’s] collection only to what [Astoria] can collect against the indemnity against the three individual doctors.” Who those three doctors were was not revealed. However, there does not appear to be any claim that any of the three doctors is anyone other than a named defendant. Plaintiff’s counsel further stated that “we are still prosecuting the claims against the debtor,” but would limit collection “only to what is indemnified.” (Id., at 10.) Astoria’s counsel then explained that the debtor (Astoria) would pursue the claims against the third parties.
The individual defendants object to Astoria’s present motion to amend its answer to assert the cross claims contemplated in the bankruptcy settlement on the grounds that (1) claims based on indemnification are barred as a matter of law; (2) any claim for contribution is barred by General Obligations Law § 15-108 (c); and (3) amendment as of this late date, and after years of “cooperation” between the party defendants, would be prejudicial.[2] For perhaps obvious reasons, plaintiff has appeared in support of Astoria’s motion.
*658 Indemnification and contribution are, of course, distinct remedies. In contribution, joint liability is shared between tortfeasors. “Since they are in pari delicto, their common liability to plaintiff is apportioned and each tort-feasor pays his ratable part of the loss.” (Mas v Two Bridges Assocs., 75 NY2d 680, 689-690.) However, in indemnification, which commonly arises in cases of vicarious liability, “a party held legally liable to plaintiff shifts the entire loss to another.” (Supra, at 690.)
It is well settled that a common-law indemnification claim does not arise until the party seeking indemnity suffers an out-of-pocket loss. (See, North Star Reins. Corp. v Continental Ins. Co., 82 NY2d 281, 294.) A party who “has not and will not sustain any actual out-of-pocket loss” as the result of a claim raised against it has no indemnification claim against a third party. (Pennsylvania Gen. Ins. Co. v Austin Powder Co., 68 NY2d 465, 470 [insured has no claim in its own right for indemnification against third party, where action against it has been settled by insurer].)
In the unusual circumstances of the present action, it appears that Astoria will never have any claims based in indemnification against any of the doctors against whom it wished to cross-claim. Despite the fact that Perno, in entering into the bankruptcy settlement agreement, retained the right to pursue her action against Astoria to judgment, and despite the fact that she might conceivably be entitled to a money judgment against Astoria based on Astoria’s vicarious liability for the torts of one or more of the defendant doctors, Perno expressly renounced any right to execute a judgment against Astoria, so as to subject Astoria to any out-of-pocket loss. Absent any possibility of an out-of-pocket loss, Astoria can never claim to have sustained any injury for which any other party can be found liable under a theory of indemnification. Consequently, Astoria may not pursue cross claims against these parties based on indemnification.
The bankruptcy settlement also forecloses Astoria from bringing any claims for contribution. General Obligations Law § 15-108 (c) provides that “[a] tortfeasor who has obtained his own release from liability shall not be entitled to contribution from any other person.” In Gonzales v Armac Indus. (81 NY2d 1), the Court of Appeals determined that an agreement between an injured plaintiff and a defendant which prevented *659 the plaintiff from enforcing any judgment in excess of 2% of any award which might be rendered in the plaintiffs favor in the action, was a “release from liability” within the meaning of General Obligations Law § 15-108 (c). As a result, the settling defendant was barred from pursuing a contribution claim against another defendant not a party to the agreement.
In the matter at hand, Astoria has made an agreement with Perno which limits Perno’s right to enforcement to 0% of any judgment which may be rendered against Astoria; that is, Astoria now faces no liability to Perno, despite the pendency of suit against it. Therefore, it appears that the Court’s holding in Gonzales (supra) would dictate that Astoria, as a result of its settlement with plaintiffs, must be barred from seeking contribution from any other party.
The agreement in Gonzales (supra) differs from that in the present action in one respect: in Gonzales (at 7), the settling defendant, “[h]aving conceded nominal liability and terminating] the adversarial relationship between itself and plaintiff,” abandoned any further attempts to defend the action or participate meaningfully in the litigation. The Court found that (at 7) “[b]y its agreement, [defendant] effectively avoided any further litigation of the claims against it”, so as to forfeit any contribution claim. In the instant case, Astoria insists that it is still an active participant in the litigation, which continues against it, and so cannot be characterized as having agreed to avoid any further litigation.
As in Gonzales (supra), Astoria has, effectively, terminated its adversarial relationship with plaintiff. Astoria has no motivation to aggressively pursue any of its defenses against plaintiff, since it knows full well that it will suffer no loss whatsoever should plaintiff obtain a judgment against it, however large. Despite its protestations that the action continues as before, Astoria’s continuing obligation to defend itself is illusory. As in Gonzales, the result of Astoria’s agreement with plaintiff serves to bar Astoria claiming contribution from any third party.[3]
In addition Dr. Marone’s cross motion seeking leave to assert the same claims against Astoria is denied. Aside from the fact *660 that the record reveals no basis for an indemnity claim (as opposed to a contribution claim) by Dr. Marone against Astoria, Dr. Marone who was on notice of the bankruptcy proceeding and who failed to seek any relief in that proceeding is barred from doing so now. (Cf., Carrols Corp. v Candy Candy, 241 AD2d 955 [4th Dept 1997].)
Accordingly the motion and cross motion are denied.

. The actual party in bankruptcy was For-Med Medical Group, doing business as Astoria Medical Group.

. The individual defendants also argue that Astoria’s motion should be denied because Astoria failed to support its motion with a certificate of merit, *658 such as is required in medical malpractice actions, pursuant to CPLR 3012-a. Since Astoria’s proposed cross claims do not sound in medical malpractice, no certificate is required, and this particular objection is without merit.

. The case of Lambert Houses Redevelopment Co. v HRH Equity Corp. (117 AD2d 227), raised by Astoria in defense of its right to settle with plaintiff, and pursue contribution from the individual doctors, is inapposite. Lambert involves a liquidating agreement in a contract dispute, and is inapplicable to an action in tort governed by General Obligations Law § 15-108. (Gonzales v Armac Indus., 81 NY2d 1, 8, supra.)