■ LESLIE PARADA et al., Respondents, v CITY OF NEW YORK, Defendant and Third-Party Plaintiff-Respondent, et al., Defendants. PETER VAN DE WETERING, INC., et al., Third-Party Defendants-Appellants. [725 NYS2d 32] —Order, Supreme Court, New York County (Martin Schulman, J.), entered June 29, 2000, which, *inter alia*, denied the motions of third-party defendants Peter Van De Wetering, Inc. and Park Avenue Malls Planting Project to dismiss the third-party action pursuant to CPLR 3211 (a) (5), unanimously affirmed, without costs.

This is a personal injury action arising out of an automobile accident which occurred on July 26, 1987 at approximately 3:00 A.M. at the intersection of Park Avenue and East 68th Street in New York County. Plaintiff was the front seat passenger in a car driven by defendant Elizabeth Colon which, while making a left turn onto East 68th Street from the southbound lanes of Park Avenue, was struck by a northbound vehicle operated by defendant Christopher Dominguez. Plaintiff asserts that in addition to the negligence of the two drivers in operating their respective vehicles, the plantings on the median mall dividing the northbound and southbound lanes of Park Avenue dangerously diminished the range of motorists' vision at the accident scene so as to constitute actionable negligence against the City and the other named defendants.

Plaintiff initially commenced this action in 1989 against Colon, Dominguez and the City, after which the City commenced a third-party action against Park Avenue Malls Planting Project (the Project) in February 1990, seeking common-law and contractual indemnification and/or contribution arising out of the alleged negligent maintenance of the floral arrangements on the median. Plaintiff subsequently amended the complaint to join the Project and Peter Van De Wetering, Inc. (the Landscaper) as direct defendants, prompting the City to amend its answer to interpose cross claims against the Project and the Landscaper for common-law and contractual indemnification and contribution.

In 1992, the Project moved, and the Landscaper cross-moved, for summary judgment. The Project sought the dismissal of the complaint "and further relief as to this court may seem just and proper"; and the Landscaper sought dismissal of the complaint and the cross claims as well as such "relief as to this Court seems just and proper." The City also cross-moved for summary judgment dismissing "the complaint herein and all

cross-claims against the City." The City did not address the motions of its co-defendants, who argued that the drivers of the vehicles involved in the accident were solely responsible for plaintiff's injuries.

In a decision and order entered May 13, 1993, Justice Leland DeGrasse granted the non-driver co-defendants summary relief and held that: "the complaint and all cross-claims interposed against movant and cross-movants are dismissed. Also, the third-party complaint is dismissed in its entirety. The action is severed and continued against defendant Dominguez and Colon. The Clerk shall enter judgment accordingly." The Supreme Court, however, did not address the merits of the City's cross claims or third-party action.

Plaintiff appealed to this Court and the City, as a respondent, maintained that the negligence of Colon was the sole proximate cause of the accident. This Court, by decision and order entered June 23, 1994, unanimously modified the order of the Supreme Court, denied the cross motion of the City and reinstated the complaint as to that defendant, and otherwise affirmed (205 AD2d 427).

The City subsequently sought, and received, leave to commence a third-party action against the Project and the Landscaper, which seeks contribution and indemnification from the third-party defendants; causes of action which are, essentially, identical to those asserted, and dismissed, in the City's prior cross claims and third-party action. The third-party defendants moved to dismiss the third-party complaint, pursuant to CPLR 3211 (a) (5), on the grounds of collateral estoppel and res judicata. The Project also moved, alternatively, for severance of the third-party action. The motion court denied the motions and, for the reasons stated herein, we now affirm.

In *Raquet v Braun* (90 NY2d 177), the Court of Appeals was recently presented with a situation quite similar to the one herein. In *Raquet*, plaintiff, a firefighter injured when a canopy roof and masonry wall on a building addition collapsed, sued the building owner, the commercial tenants and the contractors. The tenants interposed cross claims for indemnification and contribution against the contractor and, likewise, the owner counterclaimed against the contractors. The Court of Appeals, in an earlier decision arising from an order dismissing plaintiff's claims against the owner and the contractors, reinstated plaintiff's General Municipal Law § 205-a claims against the owner, but found that the contractors could only be held liable under the statute if they were in control of the premises. The owner and tenants then moved in the Supreme

Court for permission to interpose third-party complaints against the contractors, and the contractors cross-moved for dismissal of the claims on the grounds that the earlier Court of Appeals' decision absolved them from liability.

The Supreme Court granted the contractors' cross motion and dismissed all of the claims asserted against them. The Appellate Division affirmed (229 AD2d 1040) and the Court of Appeals, after granting the owner and tenants leave to appeal from the order of the Appellate Division, reversed the Appellate Division and denied the contractors' cross motion to dismiss. The Court of Appeals held, inter alia, that the dismissal of the cross claims against the contractors was not on the merits, that the disposition was limited to the holding that plaintiff could not recover against the contractors directly, and that the viability of the indemnification and contribution claims against those parties was not raised and nothing in its opinion foreclosed those claims.

Likewise, in the action presently before us, Justice DeGrasse dismissed the claims against the City, the Landscaper and the Contractor on the grounds that the drivers were solely responsible for the accident, without addressing the cross claims and third-party claims interposed by the City. This Court, in reinstating the plaintiff's claims against the City, found that the governmental authority could be held liable for inadequate sight distance caused by obstructing trees, but that the Landscaper and the Project owed no duty to plaintiff. It is clear, therefore, that, as in Raquet, the dismissal of the City's cross claims was not on the merits and this Court's disposition was limited to the holding that plaintiff could not recover against the Landscaper and the Project directly. Accordingly, neither res judicata nor collateral estoppel serve to foreclose the City from interposing its third-party action for contribution and indemnification against the Landscaper and the Project.

Finally, we perceive of no improvident exercise of discretion in the motion court's denial of that branch of the Project's motion for severance (see, Annanquartey v Passeser, 260 AD2d 517). Concur—Nardelli, J. P., Rubin, Saxe and Friedman, JJ.