**ALLIANZ INSURANCE COMPANY, as subrogee of Mercedes Benz Credit Corporation, Plaintiff,**

**v.**

**Regina LERNER, Isabella Lerner and Dimitry Lerner, Defendants.**

**Regina Lerner, Isabella Lerner and Dimitry Lerner, Third Party Plaintiffs,**

**v.**

**Frank Merlino, Esq., Robert P. Tusa, Esq., and Allstate Insurance Company, Third Party Defendants.**

No. CV 02–1880.

United States District Court, E.D. New York.

Dec. 19, 2003.

Ginsberg, Becker & Weaver, LLP by David M. Ginsberg, Esq., New York City, for Plaintiff.

Alan Jay Martin, Esq., New York City, for Defendants/Third Party Plaintiffs.

Lewis, Johs, Avallone & Kaufman, LLP by Christine Malafi, Esq., Melville, NY, for Third Party Defendant.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

In this action Plaintiff Allianz Insurance Company ("Allianz") appears as subrogee to Mercedes Benz Credit Corporation ("MBCC"). Allianz seeks recovery from Defendants of the amount spent in settling a lawsuit arising out of a car accident. That accident involved a Mercedes–Benz leased by MBCC to Defendants Regina

and Isabella Lerner and driven by Regina Lerner. Recovery from Defendant Dimitry Lerner is sought on the ground that he acted as guarantor of Regina and Isabella Lerner's obligations under the car lease. Defendants have commenced a third-party action against their insurer, Allstate Insurance Company ("Allstate"), as well as the attorneys who represented Regina Lerner in the settled lawsuit. This third-party complaint alleges legal malpractice and seeks recovery of any amount Defendants are adjudged to be liable.

Presently before the court are the cross-motions of Plaintiff and Defendants. Defendants move to dismiss the complaint on the ground that it is barred by res judicata. Plaintiff moves for summary judgment on its contractual claim. For the reasons set forth below, Defendants' motion is denied and Plaintiff's motion is granted.

### BACKGROUND

#### I. Facts

The facts set forth below are drawn from a review of the documents submitted by the parties' in support of and in opposition to the pending cross-motions. Such facts are not in dispute.

#### A. The Lease

On May 7, 1998, Defendants Regina Lerner and Isabella Lerner signed a motor vehicle lease agreement (the "Lease") with MBCC for a new Mercedes Benz automobile (the "Vehicle"). The Lease was signed by Regina and Isabella Lerner as lessees and by Dimitry Lerner as guarantor. As guarantor, Dimitry Lerner agreed to "absolutely and unconditionally" guarantee all payments due under the Lease.

The Lease is a four page document that details the amounts to be paid and the obligations of the parties. Under the sub-heading of "Insurance" the Lease describes the insurance obligations of the lessees. Specifically, this section requires the maintenance of liability insurance in the amount of $100,000 per person and $300,000 per occurrence for bodily injury and death. The lessees obtained insurance from third-party defendant Allstate in that amount, but maintained no additional insurance coverage that would cover any excess loss attributable to use of the Vehicle.

The Lease also contains an indemnity provision. Pursuant to that provision, the lessees agree that if MBCC is "subjected to any claims, losses, injuries, expenses, or costs related to the use, maintenance or condition" of the Vehicle, the lessee will be responsible for payment of "all resulting costs and expenses, including attorneys' fees."

#### B. The Accident and State Court Litigation

In June of 1988, Regina Lerner was driving the Vehicle and became involved in an accident in which Andrew Baron, an infant, sustained injuries. Robert Baron, Andrew Baron's father, was the driver of the car in which his son was a passenger. A lawsuit arising from that accident was commenced in September of 1998 in New York State Supreme Court, County of Nassau (the "State Court Litigation"). Robert Baron and Regina Lerner were named in the State Court Litigation as negligent drivers. MBCC was sued as the owner of the Vehicle, pursuant to the New York State Vehicle and Traffic Law. At the outset, Regina Lerner and MBCC were both represented by Allstate.

#### C. MBCC's Retention of Independent Counsel and Assertion of Cross–Claims

When it became clear that the $100,000 policy obtained by Regina Lerner might not be sufficient to cover a possible dam-

age award, MBCC retained its own counsel. Thereafter, MBCC, through its counsel, moved to amend its answer. The proposed amendment asserted a collateral source defense as well as cross-claims for contribution and common law indemnity against Regina Lerner and Robert Baron, as drivers of the vehicles involved in the accident. The proposed amendment also asserted a cross-claim for contractual indemnity against Regina Lerner.

The contractual indemnity claim arose out of the Lease and quoted the indemnity terms set forth above. This cross claim asserted that in the event that the Plaintiffs were to recover a verdict or judgment against MBCC, MBCC would be entitled to contractual indemnity from, and for judgment over and against, Lerner. To make the nature of this cross-claim clear, MBCC's cross-claim referred specifically to the case of *Morris v. Snappy Car Rental, Inc.*, 84 N.Y.2d 21, 614 N.Y.S.2d 362, 637 N.E.2d 253 (1994). There, the New York Court of Appeals held that the owner of a rental car was entitled to enforce an indemnity agreement that required the renter to pay any amount expended by the owner resulting from the renter's use of the vehicle. *Morris*, 84 N.Y.2d at 29, 614 N.Y.S.2d at 364–65, 637 N.E.2d 253.

In an opinion dated December 20, 2000, the Justice presiding over the State Court Litigation granted MBCC's motion to amend its answer to assert the defense and cross-claims outlined above.

### D. *The Settlement and Discontinuance of the State Court Litigation*

The State Court Litigation was settled in May of 2001. The total amount of the settlement was $495,000. Robert Baron's liability was apportioned at $55,000. Allstate paid $100,000 of the settlement and $340,000 was paid by MBCC. The $100,000 payment by Allstate represented the total coverage limit under Allstate's policy with Regina Lerner.

Three stipulations of discontinuance were executed to effectuate the settlement of the State Court Litigation. Each of these stipulations referred to discontinuance of the personal injury action against the three named defendants—Robert Baron, Regina Lerner and MBCC. The first stipulation discontinued the action against Robert Baron and was signed by plaintiffs' counsel and counsel for Baron. The second stipulation discontinued the action against MBCC. That stipulation was signed by plaintiffs' counsel and by counsel for MBCC. Finally, the third stipulation discontinued the action as against Regina Lerner. This final stipulation was signed by plaintiffs' counsel and by counsel for Regina Lerner.

### II. *The Parties' Motions*

As noted above, Allianz and Defendants have cross-motions before the court. Defendants' motion to dismiss asserts that settlement and discontinuance of the State Court Litigation bars this action on the ground of res judicata. Allianz opposes the res judicata motion and moves for summary judgment. The summary judgment motion contends that no question of fact exists as to Defendants' indemnity obligations under the Lease. After outlining the applicable law, the court will turn to the merits of the parties' motions.

### DISCUSSION

### I. *Standards on Motion for Summary Judgment*

A motion for summary judgment is properly granted only if the court determines that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FRCP 56(c); *Anderson v. Liberty Lobby, Inc.* 477

U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The party seeking judgment bears the burden of demonstrating that no issue of fact exists. *McLee v. Chrysler Corp.* 109 F.3d 130, 134 (2d Cir.1997). However, when the nonmoving party fails to make a showing on an essential element of its case with respect to which it bears the burden of proof, summary judgment will be granted. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The party resisting summary judgment must not only show a disputed issue of fact, but it must also be a material fact in light of substantive law. Only disputed facts that "might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson,* 477 U.S. at 242, 106 S.Ct. 2505.

## II. *Res Judicata: General Principles*

▆ Under the Full Faith and Credit Clause of the United States Constitution, a federal court is required to give the same preclusive effect to a state court judgment as would be given under the law of the state in which the judgment was rendered. *Migra v. Warren City School Dist.,* 465 U.S. 75, 81, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984); *Johnson v. Watkins,* 101 F.3d 792, 794 (2d Cir.1996). Accordingly, the court must consider the law of the State of New York when determining the preclusive effect of the prior proceeding.

▆ Under New York law, application of the principle of res judicata bars re-litigation of claims actually raised as well as those that might have been raised in a prior proceeding. New York courts hold that where claims arise from the same " 'factual grouping' they are deemed to be part of the same cause of action and a later claim will be barred without regard to whether it is based upon different legal theories or seeks different or additional relief." *Davidson v. Capuano,* 792 F.2d

275, 278 (2d Cir.1986), citing, *Smith v. Russell Sage College,* 54 N.Y.2d 185, 192–93, 445 N.Y.S.2d 68, 429 N.E.2d 746 (1981). Thus, res judicata bars re-litigation of claims actually raised in a prior proceeding as well as those that could have been litigated. *Quartararo v. Catterson,* 917 F.Supp. 919, 944 (E.D.N.Y.1996).

▆ A stipulation of discontinuance with prejudice has the same effect as a final judgment on the merits for res judicata purposes. *Schwartzreich v. E.P.C. Carting Co., Inc.,* 246 A.D.2d 439, 441, 668 N.Y.S.2d 370, 372 (1st Dep't.1998). Thus, where parties choose to settle an action and enter into a settlement stipulation, with prejudice, that stipulation will bar the settling parties from commencing new litigation arising from the same set of circumstances as the settled case. *Schwartzreich,* 246 A.D.2d at 441, 668 N.Y.S.2d at 372; *accord Forte v. Kaneka America Corp.,* 110 A.D.2d 81, 85, 493 N.Y.S.2d 180, 183 (2d Dep't 1985).

While a judgment on the merits or a stipulation with prejudice will bar all future claims among the parties affected, neither a judgment nor a stipulation will necessarily bar all claims among the various parties. Thus, where a final order disposes only of a claim between a plaintiff and defendant, that order will not necessarily have res judicata effect on a cross-claim previously raised among defendants. *Parada v. City of New York,* 283 A.D.2d 314, 316, 725 N.Y.S.2d 32, 34–35 (1st Dep't 2001).

In *Parada,* for example, the trial court dismissed all claims brought against the defendant New York City (the "City") as well as those brought against co-defendants. On appeal, the First Department affirmed the dismissal of the claims against the co-defendants but reinstated the claims brought against the City. Although plaintiff could no longer pursue her

claims against the co-defendants, the City sought to reinstate its cross-claims. Because the City's claims against the co-defendants were never ruled upon on the merits, the First Department held that the cross-claims were not barred by res judicata and could be raised anew. *Id.* at 316, 725 N.Y.S.2d at 34–35. *Accord Carrols Corp. v. Candy Candy, Inc.*, 241 A.D.2d 955, 956, 661 N.Y.S.2d 324, 325 (4th Dep't 1997) (cross-claim that was neither ruled upon nor submitted to a jury was not barred by res judicata).

### III. *Disposition of the Motions*

#### A. *Defendants' Motion to Dismiss*

As noted above, the State Court Litigation was settled and finally disposed of by three separate stipulations of settlement. Each stipulation was signed by plaintiff's counsel and counsel for the settling defendant.

■■ As stipulations signed with prejudice, it is clear that the stipulations in the State Court Litigation have res judicata effect. *See Schwartzreich,* 246 A.D.2d at 441, 668 N.Y.S.2d at 372. Like a final judgment on the merits, however, the res judicata effect of a stipulation of discontinuance can effect only claims, raised and potential, between the parties signing the stipulation. *See Parada,* 283 A.D.2d at 316, 725 N.Y.S.2d at 34–35; *Accord Carrols Corp.*, 241 A.D.2d at 956, 661 N.Y.S.2d at 325. Thus, the stipulations here would clearly bar a new action by the state court plaintiff for additional injuries arising out of the car accident that formed the basis of the State Court Litigation. There is no bar, however, to MBCC's contractual claim against Regina Lerner. This claim was raised, but not adjudicated or disposed of, by the stipulations of settlement.

Notably, no single stipulation bears the signature of both counsel for MBCC (the predecessor of Allianz) and that of MBCC's co-defendant in the State Court Litigation (and defendant here), Regina Lerner. Instead, each stipulation was executed only by plaintiff's counsel and each of the three defense counsel. The reason for this is clear. The stipulations intended only to dismiss the state court plaintiff's personal injury claims against each of the defendants so as to conclude that part of the litigation. The contractual cross-claim raised by MBCC against Regina Lerner was neither expressly nor impliedly disposed of by the stipulations settling plaintiff's personal injury claims against the defendants. That claim remains viable and is not barred by res judicata. Accordingly, the court denies Defendants' motion to dismiss and turns to the merits of Plaintiff's motion for summary judgment.

#### B. *Plaintiff's Motion for Summary Judgment*

■ Allianz seeks summary judgment on the claim that Defendants are contractually bound to indemnify Allianz for the $340,000 expended in settlement of the State Court Litigation. The basis for this motion is paragraph 23 of the Lease which states, in pertinent part, that if MBCC is "subjected to any claims, losses, injuries, expenses, or costs related to the use, maintenance, or condition of the vehicle" the lessee will "pay all" of MBCC's "resulting costs and expenses, including attorneys' fees."

Defendants' only opposition to the summary judgment motion is the argument that the language of the Lease is somehow ambiguous and that such ambiguity creates a question of fact precluding the entry of summary judgment. In support of their position, Defendants argue that the above-quoted paragraph is somehow inconsistent with paragraph 16 of the Lease, which obligates the lessee to maintain a certain minimum amount of insurance coverage on the Vehicle. Specifically, Defendants ar-

gue that when the two quoted paragraphs are read together, an ambiguity is raised as to whether the indemnity applies to the extent of insurance coverage required under the lease, or to excess claims that are not covered by insurance.

The court is at a loss to comprehend the alleged inconsistency or ambiguity between paragraphs 16 and 23 of the Lease. Paragraph 16 does nothing more than set forth the minimum insurance that must be maintained by the lessee. This serves to give some level of comfort to the lessor in the event that there is damage to the Vehicle. Paragraph 23 gives the lessor a greater level of comfort by assuring the company that indemnification will be provided in the event that the company is subject to liability arising out of the lessee's use of the Vehicle. It is completely within the prerogative of the lessee to obtain insurance in excess of the minimum required by the Lease. Such additional insurance would protect the lessee against the possibility of exposure to liability above that covered by the required, minimum insurance.

Defendants' sole argument in opposition to Plaintiff's motion for summary judgment is the theory detailed above. Since the court finds no ambiguity in the Lease, no question of fact has been raised as to its enforceability. Under these circumstances, it is appropriate to grant Plaintiff's motion for summary judgment.

### CONCLUSION

Defendants' motion to dismiss the complaint on the ground of res judicata is denied. Plaintiff's motion for summary judgment is granted. The Clerk of the Court is directed to terminate those motions. The third-party complaint commenced by Defendants remains pending.

Therefore, the file in this matter remains open.

SO ORDERED.