■ LILIA PAZ, Plaintiff, v TRUMP PLAZA HOTEL AND CASINO, Defendant. TRUMP PLAZA HOTEL AND CASINO, Third-Party Plaintiff, v OTIS ELEVATOR COMPANY, Third-Party Defendant. TRUMP PLAZA HOTEL AND CASINO, Second Third-Party Plaintiff-Respondent, v OTIS ELEVATOR COMPANY, Second Third-Party Defendant-Appellant. [842 NYS2d 432]—

Order, Supreme Court, New York County (Debra A. James, J.), entered February 21, 2007, which denied second third-party defendant Otis Elevator Company's (Otis) motion to dismiss the second third-party complaint pursuant to CPLR 3211 (a) (5), unanimously affirmed, without costs.

Plaintiff Lilia Paz was injured when an escalator on which she was riding in defendant/second third-party plaintiff Trump Plaza Hotel and Casino's (Trump) premises came to a sudden stop. Otis serviced the escalators in the premises pursuant to its contract with Trump. Plaintiff commenced an action against

Trump, and Trump brought a third-party action against Otis seeking indemnification and contribution. Trump moved for summary judgment seeking dismissal of plaintiff's complaint, and Otis cross-moved for summary judgment seeking dismissal of both plaintiff's complaint and the third-party action. The court granted the motions finding no triable issues regarding whether the escalator was defective, or as to whether Trump and Otis were negligent.

Plaintiff appealed, and we reversed and reinstated the complaint on the basis that there were triable issues regarding "among other things, whether a defective or dangerous condition existed, and notice" (*Paz v Trump Plaza Hotel & Casino*, 28 AD3d 212, 213 [2006]). Following this decision, Trump commenced a second third-party action against Otis, which moved to dismiss on the basis that the action was barred by res judicata and collateral estoppel (CPLR 3211 [a] [5]).

The court properly denied Otis's motion. The previous dismissal of Trump's third-party complaint against Otis was not on the merits. Rather, it was in light of the dismissal of plaintiff's complaint, and Trump's claims against Otis for indemnification and contribution were never addressed. Accordingly, neither res judicata nor collateral estoppel serves as a bar to the second third-party action (*see Parada v City of New York*, 283 AD2d 314 [2001]). Concur—Mazzarelli, J.P., Saxe, Friedman, Marlow and Williams, JJ.