■ BETH ANNA FERGUSON, Respondent, v SHU HAM LAM et al., Appellants, and 104-50 48TH AVENUE CORP., Respondent. (And a Third-Party Action.) [872 NYS2d 530]—

In an action to recover damages for personal injuries, the defendants third-party defendants Shu Ham Lam and Zhao Fang Lam appeal (1) from an order of the Supreme Court, Queens County (Grays, J.), dated August 13, 2007, which granted the plaintiff's motion for leave to renew her opposition to the prior motion of Shu Ham Lam and Zhao Fang Lam for summary judgment dismissing the complaint insofar as asserted against them, which had been granted in an order dated August 4, 2003, and upon renewal, denied the motion for summary judgment, and (2) from an order of the same court dated October 17, 2007 which denied their motion to dismiss the third-party complaint.

Ordered that the orders are affirmed, with one bill of costs.

The Supreme Court properly granted the plaintiff's motion for leave to renew her opposition to the motion of the defendants Shu Ham Lam and Zhao Fang Lam (hereinafter the Lam defendants) for summary judgment insofar as asserted against them. The plaintiff presented "new facts not offered on the prior motion that would change the prior determination," and

offered a reasonable justification for the failure to present such facts on the prior motion (CPLR 2221 [e]). The new facts contained in the affidavit of Octavio Raposo, the president of the defendant 104-50 48th Avenue Corp. (hereinafter 48 Corp), although in existence at the time of the prior motion, were not made known to the plaintiff and, therefore, were not known to the court (*see Matter of Orange & Rockland Util. v Assessor of Town of Haverstraw*, 304 AD2d 668, 669 [2003]). The plaintiff had a reasonable justification for failing to present these facts in opposition to the original motion, due to the default of 48 Corp (*see Ferguson v Shu Ham Lam*, 59 AD3d 387 [2009] [decided herewith]).

Further, the new facts presented by the plaintiff raised a triable issue of fact, inter alia, as to who removed the snow from the sidewalk where the plaintiff fell, and when the snow was removed. A motion for summary judgment should not be granted where there are facts in dispute, where conflicting inferences may be drawn from the evidence, or where there are issues of credibility (*see Baker v D.J. Stapleton, Inc.*, 43 AD3d 839 [2007]). The Supreme Court properly granted the plaintiff's motion for leave to renew and, upon renewal, denied the Lam defendants' motion for summary judgment dismissing the complaint insofar as asserted against them. Contrary to the contention of the Lam defendants, the motion for leave to renew was not barred by the doctrine of laches (*see Resk v City of New York*, 293 AD2d 661 [2002]), or the doctrine of law of the case (*see generally Matter of Dondi v Jones*, 40 NY2d 8, 15 [1976]).

The Supreme Court properly denied the Lam defendants' motion to dismiss the third-party complaint on the grounds that it was barred by res judicata and collateral estoppel. The issues raised in the third-party complaint have not been litigated, and the court has not made a determination on the merits regarding those issues. Accordingly, neither res judicata nor collateral estoppel serves as a bar to the third-party action (*see Paz v Trump Plaza Hotel & Casino*, 43 AD3d 805, 806 [2007]; *Tortura v Sullivan Papain Block McGrath & Cannavo, P.C.*, 41 AD3d 584, 585 [2007]; *Parada v City of New York*, 283 AD2d 314, 316 [2001]). Rivera, J.P., Spolzino, Florio and Leventhal, JJ., concur.