09-1416-cv
Harris v. Beth Israel Med. Ctr.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of February, two thousand ten.

PRESENT:  GUIDO CALABRESI,
          REENA RAGGI,
          RICHARD D. CUDAHY,[*]
                    *Circuit Judges.*

-----------------------------------------------------------------------
DR. JEAN HARRIS, D.O.,

               *Plaintiff-Appellant,*

         v.                                No. 09-1416-cv

BETH ISRAEL MEDICAL CENTER,

               *Defendant-Appellee.*
-----------------------------------------------------------------------

FOR APPELLANT:             AMBROSE W. WOTORSON, Brooklyn, New York.

FOR APPELLEE:              MARVIN WEXLER (David T. McTaggart, *on the brief*), Kornstein Veisz Wexler & Pollard, LLP, New York, New York.

---

[*] Circuit Judge Richard D. Cudahy of the United States Court of Appeals for the Seventh Circuit, sitting by designation.

Appeal from the United States District Court for the Southern District of New York (Colleen McMahon, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the March 4, 2009 judgment of the district court is AFFIRMED.

Plaintiff Jean Harris, D.O., appeals from the dismissal of her disability discrimination claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., the New York State Human Rights Law, N.Y. Exec. Law § 296, and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107(1)(a). Specifically, she contends that the district court erred in concluding that her disability discrimination claims are barred by a prior New York State judgment under the doctrine of res judicata. We review an order of dismissal de novo, see Holmes v. Grubman, 568 F.3d 329, 335 (2d Cir. 2009), as we do application of the doctrine of res judicata, see O'Connor v. Pierson, 568 F.3d 64, 69 (2d Cir. 2009). In doing so, we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

When "determin[ing] the effect of a state court judgment, federal courts . . . are required to apply the preclusion law of the rendering state." Conopco, Inc. v. Roll Int'l, 231 F.3d 82, 87 (2d Cir. 2000). "'Under New York's transactional approach to [res judicata], once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy.'" Giannone v. York Tape & Label, Inc., 548 F.3d 191, 194 (2d Cir. 2008) (alteration in original) (quoting In re Derek Josey, 9 N.Y.3d 386, 389-90, 849

2

N.Y.S.2d 497, 499 (2007)); see also Maharaj v. Bankamerica Corp., 128 F.3d 94, 97 (2d Cir. 1997) ("[A] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." (internal quotation marks omitted)). For purposes of applying this rule, a stipulation to discontinue an action with prejudice is accorded the same res judicata effect as a judgment on the merits. See Benjamin v. New York City Dep't of Health, 57 A.D.3d 403, 404, 870 N.Y.S.2d 290, 292 (1st Dep't 2008); Fifty CPW Tenants Corp. v. Epstein, 16 A.D.3d 292, 293-94, 792 N.Y.S.2d 58, 60 (1st Dep't 2005).[1]

Harris does not dispute that her state action was dismissed with prejudice by stipulation. Nor does she contend that the stipulation contained language that reserved her right to pursue related claims in the future or that otherwise limited the scope of the stipulation's preclusive effect. The only question on appeal is thus whether the claims raised in Harris's federal complaint arise from the same transaction as the claims raised in her state complaint. The district court answered this question in the affirmative, noting that

> The factual allegations of [Harris's December 18, 2008] federal complaint were identical – in haec verba – to the key factual allegations in the complaint . . . previously filed in the State Supreme Court, with one critical difference: in the federal court complaint, the plaintiff averred that she had been "informally" diagnosed with [Attention Deficit Disorder], whereas that

---

[1] Although we apply New York preclusion law, the rule is no different under federal law. See Chase Manhattan Bank, N.A. v. Celotex Corp., 56 F.3d 343, 345 (2d Cir. 1995); Samuels v. N. Telecom, Inc., 942 F.2d 834, 836 (2d Cir. 1991); Nemaizer v. Baker, 793 F.2d 58, 60-61 (2d Cir. 1986).

> allegation was omitted in the otherwise identical paragraphs of the state court complaint.

Harris v. Beth Israel Med. Ctr., No. 08 Civ. 11029, 2009 WL 612498, at *1 (S.D.N.Y. Mar. 4, 2009). Having thoroughly reviewed both the federal and state court complaints, we agree.

While Harris contends that her federal complaint differs materially from her state complaint "by containing facts necessary to support her disability discrimination causes of action,"[2] Appellant's Br. at 21, the factual allegations at the heart of both complaints involve defendant's allegedly improper assessment of Harris's competency and its subsequent decisions to deny Harris credit for her first year of residency and to refrain from renewing her employment contract. They therefore constitute a single transaction. See Schwartzreich v. E.P.C. Carting Co., 246 A.D.2d 439, 441, 668 N.Y.S.2d 370, 372 (1st Dep't 1998) ("[A] set of facts will be deemed a single 'transaction' for res judicata purposes if the facts are closely related in time, space, motivation, or origin, such that treating them as a unit would be convenient for trial and would conform to the parties' expectations.").

Despite Harris's contention to the contrary, it is immaterial that the federal complaint relies upon a different legal theory or seeks an alternative form of relief. See Giannone v. York Tape & Label, Inc., 548 F.3d at 194 (citing In re Derek Josey, 9 N.Y.3d at 389-90, 849 N.Y.S.2d at 499); see also O'Brien v. City of Syracuse, 54 N.Y.2d 353, 357-58, 445

---

[2] In particular, Harris notes that the federal complaint alleged that during an October 30, 2006 meeting with hospital staff, she disclosed that she had been informally diagnosed with Attention Deficit Disorder, the condition she claims prompted defendant's alleged discrimination.

4

N.Y.S.2d 687, 689 (1981) ("When alternative theories are available to recover what is essentially the same relief for harm arising out of the same or related facts such as would constitute a single 'factual grouping,' the circumstance that the theories involve materially different elements of proof will not justify presenting the claims by two different actions." (citation omitted)). Indeed, this court and the New York State courts have upheld the application of res judicata in precisely the sort of factual circumstances presented in this appeal. See Cieszkowska v. Gray Line N.Y., 295 F.3d 204, 205-06 (2d Cir. 2002) (concluding that plaintiff's claim that she was discharged on account of national origin was barred by res judicata where plaintiff previously claimed wrongful discharge, discharge without cause, and defamation of professional reputation based on same factual predicate); see also Sandhu v. Mercy Med. Ctr., 54 A.D.3d 928, 929, 864 N.Y.S.2d 124, 125 (2d Dep't 2008) (affirming dismissal of breach of contract claim on res judicata grounds where plaintiff's previous challenge to validity of same employment contract had been rejected on merits); Pacheco v. United Med. Assocs., P.C., 305 A.D.2d 711, 711-13, 759 N.Y.S.2d 556, 558-59 (3d Dep't 2003) (finding plaintiff's claims alleging race-based disparate impact discrimination in violation of New York Human Rights Law barred by res judicata because plaintiff previously asserted breach of contract claim involving same factual allegations against defendant).

Accordingly, because the claims raised in Harris's federal complaint arise from the same transaction as the claims asserted in her state complaint, and because her state

complaint was brought to final judgment on the merits, the district court properly dismissed the federal complaint as barred by the doctrine of res judicata.[3]

We have considered Harris's remaining arguments and conclude that they lack merit. For the foregoing reasons, the March 4, 2009 judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[3] Although, as the district court noted, Harris might have argued that she was unable to assert her discrimination claims at the time her state court action was pending, we deem any such argument waived on account of Harris's failure to raise it in her brief. See Norton v. Sam's Club, 145 F.3d 114, 117 (2d Cir. 1998). In any event, the mere fact that Harris's ADA claims were unexhausted at the time the state action was filed does not alter the conclusion that the claims could have been asserted in the earlier action and are therefore barred under the doctrine of res judicata. See Woods v. Dunlop Tire Corp., 972 F.2d 36, 37-41 (2d Cir. 1992) (concluding that plaintiff's Title VII claim was barred by res judicata despite plaintiff's failure to receive right-to-sue letter until two years after conclusion of prior action arising from same discharge, as plaintiff could have stayed earlier action pending outcome of Title VII administrative proceedings or sought right-to-sue notice 180 days after filing EEOC charge and then amended original complaint to include Title VII claim).