SECOND DEPARTMENT, AUGUST, 2011

(August 2, 2011)

■ CHRISTOPHER BYRNES et al., Plaintiffs, v ST. LUKE's CORN-WALL HOSPITAL, Defendant/Third-Party Plaintiff-Respondent, and RANDAZZO's LANDSCAPING, INC., Defendant/Third-Party Defendant-Appellant. [927 NYS2d 800]—

The plaintiff Christopher Byrnes allegedly slipped and fell on a sheet of ice in the parking lot of the defendant/third-party plaintiff, St. Luke's Cornwall Hospital (hereinafter the hospital). The defendant/third-party defendant, Randazzo's Landscaping, Inc. (hereinafter Randazzo), was a contractor hired to perform snow removal services for the hospital. After the plaintiffs commenced the instant action against the hospital and Randazzo, the hospital cross-claimed against Randazzo for contribution and contractual indemnification. After summary judgment was awarded to Randazzo, inter alia, dismissing those cross claims, the hospital commenced a third-party action against Randazzo, seeking common-law indemnification. Randazzo moved, among other things, for summary judgment dismissing the third-party complaint, and the Supreme Court denied the motion. We affirm insofar as appealed from.

Randazzo failed to establish its prima facie entitlement to judgment as a matter of law dismissing the third-party complaint. Triable issues of fact exist as to whether it failed to salt or sand the parking lot after plowing was completed, as required under its snow removal contract with the hospital, and, if so, whether its failure to do so was the sole cause of the injured plaintiff's accident (*see Foster v Herbert Slepoy Corp.*, 76 AD3d 210, 216 [2010]; *Wheaton v East End Commons Assoc.*,

*LLC*, 50 AD3d 675, 677 [2008]; *Cochrane v Warwick Assoc.*, 282 AD2d 567, 568 [2001]). Moreover, contrary to Randazzo's contention, the third-party action was not barred by res judicata or collateral estoppel (*see Paz v Trump Plaza Hotel & Casino*, 43 AD3d 805, 805-806 [2007]; *Parada v City of New York*, 283 AD2d 314, 314-316 [2001]).

Accordingly, that branch of Randazzo's motion which was for summary judgment dismissing the third-party complaint was properly denied, regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Mastro, J.P., Chambers, Austin and Cohen, JJ., concur.