■ JONATHAN VAN BUREN et al., Appellants, v MARK LACERRA, an Infant, by His Parents and Natural Guardians, MARK LACERRA et al., et al., Respondents. [57 NYS3d 203]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (Pagones, J.), dated April 10, 2015, as granted the separate motions of the defendant Mark Lacerra, an infant by his parents and natural guardians, Mark Lacerra and Karen Lacerra, and the defendant Angelo Coschignano, an infant by his parents and natural guardians, Anthony Coschignano and Christine Coschignano, for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, and the separate motions of the defendant Mark Lacerra, an infant by his parents and natural guardians, Mark Lacerra and Karen Lacerra, and the defendant Angelo Coschignano, an infant by his parents and natural guardians, Anthony Coschignano and Christine

Coschignano, for summary judgment dismissing the complaint insofar as asserted against each of them are denied.

The plaintiff Jonathan Van Buren (hereinafter the plaintiff), a teacher, allegedly was injured when the infant defendant Mark Lacerra (hereinafter Lacerra), who was then a seventh-grade student, "crashed" into him as he entered a hallway at school. Lacerra testified at his deposition that he made impact with the plaintiff because the infant codefendant Angelo Coschignano (hereinafter Coschignano), who was also in the seventh grade, tripped him. However, at his deposition, Coschignano testified that he and Lacerra unintentionally walked into each other's paths, Lacerra then ran around him, stumbled, and fell into the plaintiff. The plaintiff testified at his deposition that he did not see the encounter between the infant defendants, but that just before the collision he saw Lacerra coming toward him at a high rate of speed. The plaintiff, and his wife suing derivatively, commenced this action asserting negligence causes of action against Lacerra and Coschignano, alleging that they were running, pushing one another, and/or engaging in horseplay. The defendants separately moved for summary judgment dismissing the complaint insofar as asserted against each of them, and the Supreme Court granted both motions. The plaintiffs appeal.

Coschignano met his initial burden on summary judgment by relying on the transcript of his own deposition, at which he testified that he moved from one side to another to avoid Lacerra, and did not intentionally block or trip Lacerra. Such conduct did not create an unreasonable risk of harm to others and did not deviate from the degree of care expected of a reasonably prudent child of his age, experience, intelligence, and degree of development (see *Opalek v West Islip Union Free School Dist.*, 1 AD3d 491, 492 [2003]; *Simcha v Simcha*, 292 AD2d 591, 592 [2002]; *Sorto v Flores*, 241 AD2d 446, 447 [1997]).

However, in opposition to Coschignano's motion, the plaintiffs submitted the deposition testimony of Lacerra, in which Lacerra testified that Coschignano intentionally blocked and/or tripped him. Additionally, the plaintiffs submitted the school's student handbook, and relied on provisions therein concerning the students' expected behavior in the hallways. This evidence raised a triable issue of fact as to whether Coschignano breached a duty by creating an unreasonable risk of harm (see e.g. *Adams v Bruno*, 124 AD3d 566, 566-567 [2015]; see also *Rubino v Ramos*, 226 AD2d 912, 912-913 [1996]; *Deliso v Cangialosi*, 117 Misc 2d 105, 106 [Civ Ct, Kings County 1982],

*affd* 124 Misc 2d 822 [App Term, 2d Dept, 2d & 11th Jud Dists 1984]), and if so, whether such negligence may be considered as a substantial factor in causing the accident (*see Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980]). Accordingly, the Supreme Court should have denied Coschignano's motion for summary judgment dismissing the complaint insofar as asserted against him (*see Ferguson v Shu Ham Lam*, 59 AD3d 388, 389 [2009]; *see e.g. Eagle v Janoff*, 12 AD2d 638, 639 [1960]).

In support of his motion, Lacerra submitted the transcripts of all three parties' depositions. These contained Coschignano's testimony that Lacerra ran around him and into the plaintiff, the plaintiff's testimony that Lacerra ran into him, and Lacerra's testimony that he was aware of the fact that running in the hallway was prohibited. Such evidence failed to eliminate all material issues of fact as to Lacerra's negligence (*see Mazzio v Highland Homeowners Assn. & Condos*, 63 AD3d 1015, 1016 [2009]; *see also Adams v Bruno*, 124 AD3d at 566-567; *Ferguson v Shu Ham Lam*, 59 AD3d at 389). Accordingly, the Supreme Court should have denied Lacerra's motion for summary judgment dismissing the complaint insofar as asserted against him, without regard to the sufficiency of the plaintiffs' opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Rivera, J.P., Leventhal, Austin and Cohen, JJ., concur.