■ ANNA STERRER, Respondent, v OLIVIA G. CALESTINE et al., Appellants. — In an action, *inter alia*, to declare that plaintiff is entitled to enter defendants' premises to maintain an existing sewer connection and the exterior of her premises, defendants appeal from an order of the Supreme Court, Kings County (Bellard, J.), entered April 21, 1982, which (1) denied their motion for partial summary judgment, (2) dismissed their counterclaim for damages, (3) severed plaintiff's cause of action to declare that she has a right to enter defendants' property to maintain the exterior of her premises and (4) granted plaintiff's cross motion for summary judgment to the extent of declaring that plaintiff is entitled to enter defendants' land to maintain the sewer connection. Order reversed, on the law, with $50 costs and disbursements, defendants' motion for partial summary judgment is granted, plaintiff's complaint is dismissed in its entirety, plaintiff's cross motion is denied, defendants' counterclaim is reinstated and severed and the matter is remitted to the Supreme Court, Kings County, for a determination of the counterclaim. In the 1960's, plaintiff and others commenced an action in the Supreme Court, Kings County, against defendants' predecessor in interest. The action was for a determination of claims to real property pursuant to RPAPL article 15. The object of the action was, *inter alia,* a declaration that plaintiffs possessed an easement and right of way "in, to and over Jenks Court, and prescriptive rights thereto." The court rejected plaintiffs' claim. In its decision (*Sterrer v Genoa,* 64 Misc 2d 502, 509), the court stated: "On the facts and the law, this court finds there was no easement in Jenks Court either by expressed grant, by implication or by any prescriptive right". The judgment declared that plaintiffs were "forever barred from all rights and claims of any kind or nature whatsoever, to an estate, interest, easement, lien or encumbrance, in, to or upon the [land in question]." The judgment also provided that "defendants and all persons claiming under them [i.e., defendants herein] [are] vested with an absolute and unencumbered title in fee simple". No appeal was taken from this judgment. Plaintiff commenced the instant action in January, 1981. She claimed the right to enter defendants' land to maintain her home and to maintain a sewer line. She based her complaint upon the same deed and transactions on which the court previously determined that easements did not exist in defendants' land. In fact, the court therein had before it the alleged existence of the utility easement and nonetheless determined that plaintiff and the others had no rights to the land in question. It has long been the rule that: "A judgment in one action is conclusive in a later one not only as to any matters actually litigated therein, but also as to any that might have been so litigated, when the two causes of action have such a measure of identity that a different judgment in the second would destroy or impair rights or interests established by the first (*Cromwell* v. *County of Sac,* 94 U. S. 351; *Reich* v. *Cochran* [151 NY 122], *supra*)." (*Schuylkill Fuel Corp. v Nieberg Realty Corp.,* 250 NY 304, 306-307.) The Court of Appeals has recently refined this policy in *O'Brien v City of Syracuse* (54 NY2d 353, 357), in which the court stated: "This State has

adopted the transactional analysis approach in deciding *res judicata* issues (*Matter of Reilly v Reid,* 45 NY2d 24). Under this address, once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy (*id.* at pp 29-30)." The claim in the present case has already been litigated and is therefore barred by *res judicata.* Furthermore, even if the claim was not specifically addressed in the previous judgment, using the transactional analysis approach, *res judicata* would still apply because the present claim arose out of the same transaction or series of transactions as the previously decided claim. Accordingly, the order must be reversed, the complaint dismissed and the matter remitted to the Supreme Court, Kings County, for a determination of the counterclaim. Damiani, J. P., Gulotta, Rubin and Boyers, JJ., concur.