■ ROBERT NOTTENBERG et al., Appellants, v WALBER 985 Co. et al., Respondents.—Order, Supreme Court, New York County (Myriam Altman, J.), entered November 2, 1988, which, *inter alia,* granted the moving defendants' motion pursuant to CPLR 3211 for dismissal of the complaint, is unanimously affirmed, with costs and disbursements payable by plaintiffs.

This action arises out of a commercial lease. The plaintiffs are the tenant and its principal. The defendants are the landlords and their managing agent. The tenant commenced a 1986 action stating various causes of action based on an allegation that the landlord failed to provide a certificate of occupancy. This action was discontinued with prejudice after the landlord and tenant entered into an amendment to the lease. The amendment required the landlord to procure from the Building Department the necessary altered building application amendment for alterations planned by the tenant, and to correct existing violations.

The landlord subsequently brought a summary nonpayment proceeding in the Civil Court against the tenant. As an affirmative defense and counterclaim, the tenant alleged that the landlord had failed to correct existing violations pursuant to the amendment to the lease. On the landlord's motion, the

counterclaim was stricken without prejudice, but the tenant was allowed to assert the claim as an offset. The landlord prevailed, with no offset.

The tenant then commenced this action, pleading seven causes of action. On appeal, the tenant argues against the dismissal of only the first cause of action for damages based on the landlord's failure to obtain the proper alteration permit and certificate of occupancy as per the lease amendment, and the second cause of action for fraud based on the allegation the defendants knew the premises were unsuitable for use.

Both the first and second causes of action were, however, properly dismissed. The doctrine of res judicata bars both causes of action. Under a transactional analysis, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" (O'Brien v City of Syracuse, 54 NY2d 353, 357). The doctrine of res judicata bars both claims that were actually litigated and those relevant issues that could have been litigated (Boorman v Deutsch, 152 AD2d 48, 53). All of the claims in the first two causes of action herein could have been litigated either in the summary proceeding or in the plaintiff's first action. Since that action was discontinued with prejudice, it has res judicata effect (Forte v Kaneka Am. Corp., 110 AD2d 81, 85).

While the plaintiffs' counterclaim was dismissed without prejudice in the summary proceeding, plaintiffs could have but did not raise the claims as an affirmative defense. Moreover, the second cause of action sounding in breach of contract fails to state any claim for fraud. A cause of action for fraud requires an allegation of material fact, misrepresentation, scienter, reliance and damages (Orbit Holding Corp. v Anthony Hotel Corp., 121 AD2d 311, 314). The tenant's pleadings herein do not include even a conclusory allegation of scienter or reliance. In fact, the second cause of action is an impermissible attempt to plead fraud on the basis of an alleged breach of contract (see, Metropolitan Transp. Auth. v Triumph Adv. Prods., 116 AD2d 526, 527). Concur—Kupferman, J. P., Ross, Asch, Kassal and Wallach, JJ.