[705 NYS2d 571]

MARINELLI ASSOCIATES et al., Appellants, v HELMSLEY-NOYES COMPANY, INC., Respondent.

First Department, April 6, 2000

### APPEARANCES OF COUNSEL

*Frank Livoti* of counsel (*Steven H. Blatt* on the brief; *Shaw, Licitra, Bohner, Esernio & Schwartz, P. C.,* attorneys), for appellants.

*Paul S. Hugel* of counsel (*Clayman & Rosenberg,* attorneys), for respondent.

### OPINION OF THE COURT

ELLERIN, J.

At issue on this appeal is whether claims, which would otherwise be timely, should be barred by principles of res judicata because they arise from the same series of transactions as claims that were raised in a previous action that was dismissed on Statute of Limitations grounds.

This action had its genesis in a joint venture known as 64 Fulton Street Development entered into by plaintiff Marinelli Associates, and Jack Vickers and Donald Weill, individually, for the purpose of owning and operating a parcel of commercial realty located at 64 Fulton Street in Manhattan. Pursuant to the agreement of joint venture, dated July 27, 1983, defendant Helmsley-Noyes Company, Inc. (Helmsley) was employed as

managing agent for the premises, and a management agreement was duly entered into between the joint venture and Helmsley. Helmsley, in turn, employed Vickers and Weill as senior vice-presidents in charge of day-to-day management of the property. Plaintiff Marinelli was not involved in the day-to-day operations of the joint venture.

According to Marinelli, from the commencement of the joint venture until January 1991, it provided substantial capital for improvements and repairs, payment of management expenses, and taxes and lease/mortgage payments. Moreover, through March 1994, it permitted the rents and income received from the property to be used to pay operating and managing costs.

In November of 1993, pursuant to the arbitration clause in the joint venture agreement, Marinelli commenced an arbitration proceeding against Vickers and Weill seeking an accounting of the books and records of the joint venture. In 1995, during the course of the arbitration, Marinelli, having gained access to certain management documents of the joint venture, including purchase orders, invoices, bills and bank statements, allegedly discovered improprieties and, although its review of the documentation was not complete, it sought to raise certain claims based thereon before the arbitrator seeking money damages against Vickers and Weill. These claims included fraud in the inducement, breach of fiduciary duty, conversion and fraud in the operation of the joint venture, and were based on allegations that Vickers and Weill had systematically paid invoices that were deliberately inflated or for repairs that were, in fact, never performed. In July 1996, the arbitrator granted Marinelli's application for leave to amend its demand to include the newly discovered claims, stating that "all claims of any sort or nature, old, new, et cetera" were to be raised, and that the arbitrator wanted to dispose of "all claims that are arbitrable."

Shortly thereafter, Vickers and Weill filed a petition in the Supreme Court seeking a permanent stay of arbitration as to Marinelli's claims on the ground that they were time barred. In January 1997, that petition was granted as to all claims other than the original claim for an accounting, based on the court's finding that the events upon which the claims were based occurred prior to 1990 and Marinelli had been on sufficient notice to preclude reliance on the tolling provisions of CPLR 213 (8) with respect to the fraud claims. That decision was affirmed by this Court (*Matter of 64 Fulton St. Dev. [Marinelli Assocs.]*, 240 AD2d 226).

Marinelli thereupon commenced the instant action against Helmsley, on August 11, 1997, seeking monetary damages

based on the actions of Vickers and Weill, as Helmsley's employees, in making payments for overcharges and phantom repairs from 1990 through March 1994,* the effective date of Helmsley's termination of the management agreement. As amended, the complaint sought damages for fraud, negligent misrepresentation, negligent supervision, conversion, breach of the management agreement, and breach of fiduciary duty and also sought a constructive trust.

Helmsley in turn moved to dismiss based on the doctrine of res judicata, or, in the alternative, based on the Statute of Limitations. In response, Marinelli argued that res judicata did not bar it from raising any claims relating to alleged misconduct by Vickers and Weill occurring from 1990 to 1994 because these claims had never been raised in the arbitration. Marinelli pointed out that it had not included any misconduct after 1990 in its request for leave to amend in the arbitration proceeding because it had not yet completed its review of the subpoenaed documents. Marinelli also argued that its causes of action against Helmsley for breach of contract and breach of fiduciary duty could not be dismissed on res judicata grounds since it could not have asserted these claims in the arbitration proceeding, where Helmsley was not a party.

Supreme Court granted defendant's motion to dismiss the complaint, finding that res judicata barred all of plaintiff's claims.

We affirm.

As a threshold matter, we find that Supreme Court did not err in dismissing the action based upon res judicata notwithstanding that the first action was dismissed on Statute of Limitations grounds, rather than strictly "on the merits."

In *Smith v Russell Sage Coll.* (54 NY2d 185, 194), the Court of Appeals held that, for purposes of res judicata, a dismissal based upon the Statute of Limitations "is at least sufficiently close to the merits for claim preclusion purposes to bar a second action, especially where the motion to dismiss the first action was treated as one for summary judgment on which the court considered submissions of the parties dehors the pleadings" (*see also, Mchawi v State Univ. of N. Y., Empire State Coll.,* 248 AD2d 111, *lv denied* 92 NY2d 804; *Matter of Koeppel v Wachtler,* 183 AD2d 829; *Giacomazzo v Moreno,* 94 AD2d 369, *lv denied* 60 NY2d 558).

---

* We assume for the purposes of this appeal that these claims were timely when brought.

Plaintiffs argue that the foregoing principle is inapplicable here because the court did not sufficiently consider "submissions of the parties dehors the pleadings." However, review of cases decided subsequent to *Smith* indicates that factual submissions from the parties concerning the merits of the dispute itself have not been required before a determination of the Statute of Limitations issue in the prior action (*see, e.g., Mchawi v State Univ of N. Y., Empire State Coll., supra*). If the information before the court is adequate to determine the Statute of Limitations issue, as it clearly was here, a dismissal on that ground will act as a bar to subsequent litigation if the other requirements for imposition of the doctrine of res judicata are present.

Marinelli, however, further argues that, even if res judicata may bar the claims that were already dismissed on Statute of Limitations grounds, it cannot bar the additional claims, based on subsequent transgressions by Vickers and Weill, and presumptively timely brought, that were not even before the court in the preceding action.

It is well settled that under the transactional approach adopted by New York in res judicata jurisprudence, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" (*O'Brien v City of Syracuse*, 54 NY2d 353, 357, citing *Matter of Reilly v Reid*, 45 NY2d 24, 29-30). Pursuant to this approach, the doctrine bars not only claims that were actually litigated but also claims that could have been litigated, if they arose from the same transaction or series of transactions.

As the Court of Appeals held in *Smith v Russell Sage Coll.*, determination of what " 'factual grouping' " constitutes a " 'transaction' " or " 'series of transactions' " "depends on how 'the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether * * * their treatment as a unit conforms to the parties' expectations or business understanding or usage' " (*supra*, at 192-193, quoting Restatement [Second] of Judgments [Tent Draft No. 1] § 61; *see also, Schwartzreich v E.P.C. Carting Co.*, 246 AD2d 439). The Court in *Smith* also stated: "[W]e have moved to a more pragmatic test, which sees a claim or cause of action as 'coterminous with the transaction regardless of the number of substantive theories or variant forms of relief * * * available to the plaintiff' (Restatement, Judgments 2d * * * § 61, Comment a) * * * '[b]ut even if there are variations in the facts al-

leged, or different relief is sought, the separately stated "causes of action" may nevertheless be grounded on the same grava-men of the wrong upon which the action is brought'. This holds true even when 'several legal theories depend on different shad-ings of the facts, or would emphasize different elements of the facts or would call for different measures of liability or differ-ent kinds of relief' [citation omitted]" (at 192).

In the matter before us, it is clear that the claims that plaintiff is still pursuing arose out of the same series of transac-tions as the claims deemed untimely in the prior action. Indeed, the central allegations in the instant action are taken, almost verbatim, from the arbitration claim against Vickers and Weill and involve virtually identical claims of overcharging and phantom repairs by the same parties, covering the same piece of property, involving the same types of expenses and in breach of the same contract. The mere fact that it is possible to characterize each of the alleged acts as an independent tort or an independent breach does not diminish the essential interconnection of these ongoing acts or the expectation that they would be tried as a single unit (*see, Matter of New York State Dormitory Auth. v. Board Of Trustees*, 239 AD2d 501, 502, *lv denied* 90 NY2d 809).

Marinelli, however, emphasizes that res judicata will only bar those claims, even if arising from the same transaction or series of transactions, that either were or could have been litigated in the previous action (*see, Nottenberg v Walber 985 Co.*, 160 AD2d 574, 575; *County of Nassau v New York State Pub. Empl. Relations Bd.*, 151 AD2d 168, *affd on other grounds* 76 NY2d 579). It thus argues that, taking into account that the petition to permanently stay the arbitration was filed on August 7, 1996, the claims here in issue could not reasonably have been put before the arbitrator because its investigation of such claims had just been completed in July 1996, less than a month earlier.

However, Marinelli places too great an emphasis on the date that its expert's report was actually completed in determining when it could have interposed these claims. Significantly, that report was a detailed analysis of all of the alleged overcharges and phantom repairs from the commencement of the contract until its termination, and not just of the conduct since 1990. Clearly, Marinelli had no need to await the filing of the report to bring its claims covering improprieties from 1983 to 1989 before the arbitrator in 1996. It may be reiterated in this context that Supreme Court, as affirmed by this Court, held

that plaintiff's claims were time barred because Marinelli was sufficiently on notice of the alleged fraud to preclude reliance on the tolling provisions of CPLR 213 (8).

Indeed, Marinelli admits that the complained-of conduct terminated by the end of March 1994, that it was in possession of all pertinent documents by January 1996 and that the arbitrator did not decide its application to amend its demand until July 1996. Clearly, Marinelli was on notice of the claims arising from conduct continuing after 1990 and had ample time to supplement its application to include them. The mere fact that its expert's report was not completed until July 1996 does not provide an acceptable reason for Marinelli's failure to reference any improprieties occurring subsequent to 1989 at the time when it sought permission by letter, and then orally, to amend its arbitration demand.

Marinelli also argues that claims against Helmsley cannot be barred because Helmsley, which was not a party to the joint venture agreement, was not, and could not have been, a party to the arbitration.

In order for res judicata to come into play, it is necessary that "the party opposing preclusion must have had a full and fair opportunity to litigate th[e] claim in the prior proceeding" (*Browning Ave. Realty Corp. v Rubin*, 207 AD2d 263, 264-265, *lv denied* 85 NY2d 804). However, this does not mean that it is necessary that the party seeking to invoke res judicata have been a party in the prior action. It is well settled that a defendant who was not a party to a prior proceeding may nevertheless assert res judicata "where [its] liability * * * is altogether dependent upon the culpability of one exonerated in a prior suit" (*Good Health Dairy Prods. Corp. v Emery*, 275 NY 14, 17-18 [citation omitted]; *Matter of Joy Co. v Hudacs*, 199 AD2d 858, 860 [" '[a] person not a party to a prior action, but only derivatively or vicariously liable for the conduct of another, may invoke the *res judicata* effect of a prior judgment on the merits in that action in favor of the one primarily liable' "], quoting *New Paltz Cent. School Dist. v Reliance Ins. Co.*, 97 AD2d 566, 567). Here, most of the causes of action now sought to be interposed are the very same claims that were raised in the arbitration against Vickers and Weill. The mere fact that plaintiff is now arguing that Helmsley is vicariously liable for their actions, as their employer, does not obviate the effects of the bar.

Plaintiff argues that, at the very least, two of the claims now brought by plaintiff against Helmsley, for breach of its manage-

ment contract and breach of its own fiduciary duty to plaintiff, must be permitted to stand because it could not bring them in the arbitration, where Helmsley was not, and could not have been, a party. However, these claims, too, are based on Helmsley's alleged liability for precisely the same acts of Vickers and Weill that gave rise to the other claims (*see, Giacomazzo v Moreno*, 94 AD2d 369, *supra*). "When alternative theories are available to recover what is essentially the same relief for harm arising out of the same or related facts such as would constitute a single 'factual grouping' [citation omitted], the circumstance that the theories involve materially different elements of proof will not justify presenting the claim by two different actions" (*O'Brien v City of Syracuse*, 54 NY2d 353, 357-358, *supra*).

While the character of these two claims might appear more distinct from the claims raised in the arbitration than the claims previously discussed, we find that, under transactional analysis, they are also barred by res judicata. The underlying factual setting is identical, involving the precise claims of overcharging and phantom repairs that underlie all of the other claims. Thus, though plaintiff now seeks to argue that those acts were a violation of the joint venture's contract with Helmsley, rather than a breach of the joint venture contract itself, the fundamental gravamen of the wrong is precisely the same (*see, Sterrer v Calestine*, 57 NY2d 1030, *affg* 89 AD2d 601; *cf., Singleton Mgt. v Compere*, 243 AD2d 213).

We note that Marinelli's reliance upon *Davidson v Capuano* (792 F2d 275) is misplaced. In that matter, the court held that res judicata did not apply because, even though the causes of action arose from the same transaction, full relief was not available in the first action, a special proceeding brought pursuant to CPLR article 78. Here, in contrast, the relief sought before the arbitrator and that sought in the instant action are identical claims for monetary damages deriving from the conduct of the same alleged malefactors.

Accordingly, the order of the Supreme Court, New York County (Ira Gammerman, J.), entered October 7, 1998, which, *inter alia*, granted defendant's motion to dismiss the amended complaint, should be affirmed, without costs.

ROSENBERGER, J. P., NARDELLI, LERNER and ANDRIAS, JJ., concur.

Order, Supreme Court, New York County, entered October 7, 1998, affirmed, without costs.