■ HT Capital Advisors, L. L. C., Appellant, v Optical Resources Group, Inc., et al., Respondents, et al., Defendant. [715 NYS2d 837] —Judgment, Supreme Court, New York County (Beatrice Shainswit, J.), entered March 1, 2000, dismissing the complaint and bringing up for review an order, same court and Justice, entered on or about February 22, 2000, which, *inter alia*, granted the motions of defendants Millbrook Capital Management, Inc. and Center Street Capital Partners, L.P. to dismiss the complaint for failure to state a cause of action and the motion of defendant Optical Resources Group, Inc. to dismiss the complaint for lack of personal jurisdiction, unanimously affirmed, with costs. Appeal from the aforesaid order unanimously dismissed, without costs, as subsumed in the appeal from the ensuing judgment.

Viewing the facts as true and according every favorable inference to plaintiff, the complaint was properly dismissed against defendants Millbrook Capital Management, Inc. and Center Street Capital Partners, L.P. since the allegations contained therein are based on pure speculation and consist of bare legal conclusions (*see, Beattie v Brown & Wood*, 243 AD2d 395; *cf., Ladenburg Thalmann & Co. v Tim's Amusements*, 275 AD2d 243). The complaint was also properly dismissed against defendant Optical Resources Group, Inc. for lack of personal jurisdiction since plaintiff failed to establish that defendant's New York activities were "purposeful" or that there was a substantial relationship between defendant's alleged transaction and the claim asserted (*see, Kreutter v McFadden Oil Corp.*, 71 NY2d 460, 467). In addition, plaintiff failed to establish that it sustained injury in New York as required by CPLR 302 (a) (3) (ii) (*see, Weiss v Greenberg, Traurig, Askew, Hoffman, Lipoff, Quentel & Wolff*, 85 AD2d 861).

Although plaintiff asserts that discovery will permit it to substantiate its claims, its "vague and conclusory allegations and expression of hope that discovery, if and when conducted, might provide some factual support for [its] cause of action * * * provide an insufficient basis for failing to dismiss a patently defective cause of action" (*Weimer v City of Johnstown*, 249 AD2d 608, 610, *lv denied* 92 NY2d 806). The court properly denied plaintiff's motion to replead since plaintiff failed to submit a proposed amended pleading supported by evidence of its merit (*see*, CPLR 3211[e]; *King v Schonberg & Co.*, 233 AD2d 242). Concur—Williams, J. P., Tom, Mazzarelli, Andrias and Buckley, JJ.