■ FIFTY CPW TENANTS CORPORATION, Appellant, v SCOTT W. EPSTEIN et al., Respondents. SCOTT W. EPSTEIN, Third-Party Plaintiff, v STIEFEL & COHEN, Third-Party Defendant, and SEDGWICK, DETERT, MORAN & ARNOLD, Third-Party Defendant-Appellant. (And Another Action.) [792 NYS2d 58]—

Order, Supreme Court, New York County (Rosalyn Richter,

J.), entered on or about April 11, 2003, which, insofar as appealed from, granted the motion by plaintiff Fifty CPW Tenants Corporation (CPW) for reargument of a prior order, same court (Harold Tompkins, J.), entered June 21, 2002, granting, on grounds of res judicata, the motion by defendant Richardson & Lucas, Inc. (R&L) for summary judgment dismissing CPW's complaint as against R&L, and, upon reargument, adhered to the prior determination, unanimously affirmed, without costs. Appeal from the aforesaid order entered June 21, 2002, unanimously dismissed, without costs, as subsumed within the appeal from the order entered on or about April 11, 2003.

In a prior action (*Polat*), CPW, a residential cooperative corporation, was sued by one of its tenant/shareholders for damage caused by the building's leaking roof. In *Polat*, CPW commenced a third-party action for indemnification and contribution against R&L, a contractor; CPW alleged that R&L's work on the building's roof was defective and had caused the tenant's damage. In December 1999, while a settlement of *Polat* was being negotiated, CPW commenced the instant direct action against R&L, seeking recovery on R&L's masonry and roof guarantees of the same work at issue in CPW's third-party action against R&L in *Polat*. Thereafter, in January 2000, CPW and R&L entered into a stipulation discontinuing the third-party action in *Polat* "with prejudice." In the orders under review, Supreme Court held that, under the doctrine of res judicata, the stipulation between CPW and R&L discontinuing the third-party action in *Polat* bars the instant action by CPW insofar as it seeks recovery on R&L's guarantees. We now affirm.

Under New York's transactional approach to res judicata issues, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" (*O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981], citing *Matter of Reilly v Reid*, 45 NY2d 24, 29-30 [1978]). Further, a claim will be barred by the prior adjudication of a different claim arising out of the same "factual grouping" even if the claims "involve materially different elements of proof" (*O'Brien*, 54 NY2d at 358), and even if the claims " 'would call for different measures of liability or different kinds of relief' " (*Smith v Russell Sage Coll.*, 54 NY2d 185, 192 [1981], quoting Restatement [Second] of Judgments [Tentative Draft No. 5] § 61, Comment *c* [now Restatement (Second) of Judgments § 24, Comment *c*]). Stated otherwise, res judicata "bars not only claims that were actually litigated [to conclusion

on the merits] but also claims that could have been litigated [in the prior action] if they arose from the same transaction or series of transactions" (*Marinelli Assoc. v Helmsley-Noyes Co.*, 265 AD2d 1, 5 [2000]).

Under the foregoing principles, the stipulated discontinuance "with prejudice" of CPW's indemnification and contribution claims against R&L in *Polat* was correctly given res judicata effect to bar CPW's guarantee claims against R&L in this action. Plainly, both sets of claims arise from the same transaction or series of transactions, in that the basis of CPW's claims against R&L in each action is the same allegedly defective work R&L performed on the roof of CPW's building. Given this common factual basis, the guarantee claims asserted herein could have been litigated in CPW's third-party action against R&L in *Polat*, notwithstanding that the amount sought under the guarantees is not limited to the amount of CPW's liability to the *Polat* plaintiff (*see George Cohen Agency v Donald S. Perlman Agency*, 51 NY2d 358, 365-366 [1980]). Further, the stipulation discontinuing the *Polat* third-party action, which did not contain any reservation of the right to pursue related claims or limitation of the claims disposed of to those actually asserted in that proceeding, is accorded the same res judicata effect as a judgment on the merits (*see Matter of Hofmann*, 287 AD2d 119, 123 [2001]; *Schwartzreich v E.P.C. Carting Co.*, 246 AD2d 439, 441 [1998]; *Nottenberg v Walber 985 Co.*, 160 AD2d 574, 575 [1990]). We note that, during the negotiation of the *Polat* settlement, CPW requested that language preserving its right to pursue claims against R&L pending in other actions be inserted in the stipulation of discontinuance, and R&L specifically refused to agree to a stipulation containing any such provision. CPW cannot now escape the effect of its agreement to a stipulation that ended its third-party action against R&L "with prejudice," and without qualification or limitation. Concur—Mazzarelli, J.P., Friedman, Nardelli and Gonzalez, JJ.