William WEBB, Plaintiff–Appellant,

v.

ROBERT LEWIS ROSEN ASSOCIATES, LTD., and Robert Lewis Rosen, Defendants–Appellees,

Madison Square Garden, LP., Movant.

No. 04–4147.

United States Court of Appeals,
Second Circuit.

April 6, 2005.

Brian S. Cousin, Greenberg Taurig, LLP, New York, N.Y., for Appellant.

Rodney A. Brown, Brown & Fox, PC., New York, N.Y., for Appellees.

Present: SOTOMAYOR, RAGGI, and HALL, Circuit Judges.

## SUMMARY ORDER

Plaintiff William Webb sued defendants Robert Lewis Rosen Associates, Ltd. ("RLR") and Robert Rosen for breach of an oral contract, breach of fiduciary duty, fraudulent inducement, and unjust enrichment in connection with defendants' negotiation of broadcasting contracts for Webb with Fox Sports ("Fox") in 1996 and Madison Square Garden Networks ("MSG") in 1997. Webb appeals from an award of summary judgment entered in defendants' favor on the breach of contract, fraudulent inducement, and part of the fiduciary duty claims, *see Webb v. Robert Lewis Rosen Assocs., Inc.,* 03 Civ. 4275, 2003 WL 23018792 (S.D.N.Y. Dec.23, 2003), and from a final judgment also entered in defendants' favor after a bench trial on the remaining claims of unjust enrichment and fiduciary duty (based on the faithless servant doctrine), *see Webb v. Robert Lewis Rosen Assocs., Inc.,* 03 Civ. 4275, 2004 WL 1469490 (S.D.N.Y. Jun 29, 2004). We assume the parties' familiarity with the underlying facts and procedural history, which we detail only as necessary to explain our ruling.

### I. Challenge to Final Judgment After Trial

#### A. Unjust Enrichment and Faithless Servant Claims

Webb submits that his unjust enrichment and faithless servant claims were proved as a matter of law. In reviewing this argument, we are obliged to accept the district court's findings of fact unless "clearly erroneous," *Mathie v. Fries,* 121 F.3d 808, 811 (2d Cir.1997), giving "particularly strong deference" to findings based "on credibility determinations." *Id.* at 812. Applying these principles to this case, we cannot conclude that the law compelled a verdict in Webb's favor.

#### 1. Filippelli's Testimony as to Disloyalty

▮ The district court's finding that Webb failed to prove defendants' unjust

enrichment and faithless servant claims was based, in large part, on its determination that John Filippelli, Webb's only direct witness to defendants' alleged disloyalty, failed to testify credibly. Nothing in the record indicates that this finding was clearly erroneous. To the contrary, the record demonstrates both Filippelli's motive to lie and the fact that other witnesses with direct knowledge of the relevant events contradicted his account. Accordingly, Filippelli's testimony did not establish defendants' liability as a matter of law.

### 2. The October 1995 Letter

■ Nor did an October 1995 letter from Rosen to Fox mandate a verdict in Webb's favor. Although the letter identified another RLR client, Bob Fishman, as qualified for the baseball director position sought by Webb, its main point with respect to Fishman was his unavailability: "I rather doubt CBS would let him escape" from his pending contract. By contrast, the letter described Webb not only as available, but as "the finest baseball director in America today," devoting considerable space to touting his candidacy. The letter's author (Rosen) and its recipient (Fox's Goren) both testified that the document essentially presented Webb as the only viable candidate for the director of Fox's "A" game. Because the district court's acceptance of this construction was not clearly erroneous, we cannot conclude that the letter established defendants' liability as a matter of law.

### 3. Gary Rosen's Involvement in the 1997 MSG Negotiations

■ Finally, Webb submits that defendants' liability was necessarily proved by Gary Rosen's involvement in the 1997 MSG negotiations despite Webb's specific insistence that Robert Rosen personally conduct these negotiations. In fact, Rob-

ert Rosen testified, without contradiction, that he alone conducted the substantive aspects of the MSG negotiations. The evidence established only that, on a single occasion when Robert Rosen was out of town, Gary Rosen communicated information from MSG to Webb regarding the terms of the proposed renewal. No evidence indicates that Webb ever objected to this contact or indicated to either Rosen that it was contrary to his instructions. Thus, the district court's finding "beyond cavil" that Gary Rosen's role in the 1997 MSG contract "was exceedingly minimal," *Webb v. Robert Lewis Rosen Assocs., Inc.*, 2004 WL 1469490, at *6, was not clearly erroneous so as to compel a verdict in Webb's favor.

### B. Exclusion of Evidence of 1999 Disloyalty

Webb asserts that the district court nevertheless erred in refusing to allow him to prove defendants' breach of fiduciary duty with evidence that Gary Rosen had made disloyal remarks in 1999. He contends that this error was based on a magistrate judge's pre-trial ruling impermissibly dismissing his 1999 fiduciary duty claim. Resolution of this challenge requires careful review of the record, not only in the district court but in an earlier arbitration proceeding brought by RLR against Webb to recover commissions on certain broadcast contracts. Having conducted that review, we conclude that the magistrate judge's challenged order did not exceed his authority under 28 U.S.C. § 636, nor did the district court err in refusing to admit the 1999 evidence at trial.

■ Preliminarily, we note that the magistrate judge's challenged ruling did not constitute an order of dismissal, a dispositive action that would fall outside his § 636 authority. Rather, the magistrate judge simply defined the scope of relevant

discovery by reference to the claims surviving the district judge's award of partial summary judgment, which related to defendants' negotiation of Webb's 1996 Fox contract and his 1997 contract with MSG. Such a discovery ruling falls well within the scope of a magistrate judge's statutory authority. *See Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir.1990). In any event, the district court did not blindly adhere to the magistrate judge's relevancy determination. Based on its own determination of the scope of the claims surviving its summary judgment award, the district court concluded that the magistrate judge's discovery limitation had been a "logical one." Indeed, that conclusion is supported by the fact that any allegations of disloyalty or unjust enrichment accruing after the parties' 1997 extension agreement would, pursuant to the express terms of that document, have been subject to arbitration and, thus, not properly the subject of litigation in the district court.

■ In urging a different conclusion, Webb submits that the arbitrator had, in fact, refused to hear his fiduciary duty and unjust enrichment claims, concluding that they were not arbitrable. The argument is unconvincing because Webb never clearly presented Gary Rosen's 1999 conduct as a basis for his fiduciary duty or unjust enrichment counterclaims in the arbitration proceeding. His fiduciary duty counterclaim was premised on a single allegation: RLS's purported promotion of Fishman for the director position at Fox. Webb's unjust enrichment counterclaim similarly relied on the Fishman allegation and on Gary Rosen's purported involvement in negotiating the 1997 MSG contract. It was because these events had all occurred when the parties relationship was not governed by a written agreement with an arbitration clause that the arbitra-

tor concluded that he lacked authority to resolve them. To the extent Webb cited Gary Rosen's 1999 conduct in the arbitration proceedings, he did so only to support his counterclaim for fraud in the inducement of the parties' extension agreement. Because this was the one counterclaim the arbitrator did find governed by the arbitration clause, we cannot conclude, as Webb urges, that the arbitrator would have refused to arbitrate an unjust enrichment or fiduciary duty claim clearly based on the same 1999 allegation. Insofar as Webb points to his catch-all pleadings as sufficient to alert the arbitrator that Rosen's 1999 conduct also supported the unjust enrichment and fiduciary duty claims, we disagree. In sum, because Webb failed to pursue in arbitration claims for unjust enrichment and breach of fiduciary duty based on defendants' allegedly disloyal 1999 conduct, we conclude that he waived the right to raise them in the district court. *See Pike v. Freeman*, 266 F.3d 78, 89 (2d Cir.2001); *Marinelli Assocs. v. Helmsley–Noyes Co., Inc.*, 265 A.D.2d 1, 5–6, 705 N.Y.S.2d, 571, 574–75 (1st Dep't 2000).

■ We note, moreover, that Webb's federal complaint suffers from the same defect as his arbitration counterclaims: although he references Gary Rosen's allegedly disloyal 1999 statement, he never links it to his claims for unjust enrichment or faithless servant disloyalty, supporting these claims only with allegations of defendants' promotion of Fishman and Gary Rosen's 1997 conduct. Indeed, even after summary judgment made plain that these would be the only two claims to proceed to trial, Webb never sought to amend his pleadings to assert a separate 1999 cause of action.

For all these reasons, we conclude that the district court acted well within its discretion in concluding that evidence of 1999

conduct was irrelevant to the claims being tried.

## II. *Challenge to Summary Judgment*

█ Webb contends that the district court erred in concluding that the arbitrator's decision that he had not suffered any injury from RLR's conduct in negotiating his broadcasting contracts collaterally estopped him from suing for breach of contract, fraudulent inducement and breach of fiduciary duty in federal court. We disagree, but the point merits little discussion because, even if Webb could show error in the district court's collateral estoppel analysis, that error would have to be deemed harmless in light of the district court's subsequent factual findings at trial. Webb's successful pursuit of his contract, fraudulent inducement, and fiduciary duty claims all depended on his ability to demonstrate defendants' (1) disloyal promotion of Fishman to Fox for a director position sought by Webb and (2) involvement of Gary Rosen in negotiations for Webb's contract with MSG despite Webb's specific insistence that only Robert Rosen handle this matter. Because the district court specifically found that neither contention had been proved at trial, it necessarily follows that the claims dismissed at summary judgment, if tried, would also have failed on their merits. Accordingly, we reject Webb's summary judgment challenge as moot.

The judgment of the district court in favor of defendants is hereby AFFIRMED.