■ Mary Ebanks et al., Respondents, v 547 West 147th Street Housing Development Fund Corporation, Appellant. [830 NYS2d 107]—

Order and judgment (one paper), Supreme Court, New York County (Herman Cahn, J.), entered July 1, 2005, granting the

petition to nullify a notice of lien foreclosure sale and dismissing that proceeding, unanimously affirmed, without costs.

Petitioners have lived in their Manhattan apartment since the early 1980s. In 1993, the building was converted to a low-income, nonprofit cooperative and petitioners bought their unit for $250. They were also eligible for maintenance subsidies through the federal government's section 8 program.

In August 2003, respondent cooperative commenced eviction proceedings against petitioners in Housing Court based on maintenance arrears dating back to March 1998. On December 10, 2003, the parties stipulated to settle all maintenance obligations for the period from March 1998 to date, requiring petitioners to pay $1,482, which was their share of the arrears. The cooperative agreed not to seek a judgment of possession based on the remaining arrears of $20,321.24, owed by the Department of Housing Preservation and Development pursuant to the section 8 program. Petitioners paid the $1,482, as required.

On December 1, 2004, the cooperative served petitioners with a notice of sale to owner of personal property to satisfy lien. The notice stated that the cooperative had a lien against petitioners' shares in the amount of $18,790.48, based on unpaid maintenance from November 1998 through February 2004. With the exception of $248 allegedly owed for January and February 2004 maintenance, the remainder of the amount claimed was based on the $20,321.24 in arrears that was the subject of the December 10, 2003 settlement.

Under New York's transactional approach to res judicata issues, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" (*O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]). Here, the stipulation of settlement between the parties resolved petitioners' obligations with respect to the outstanding maintenance arrears for the period from 1998 through 2003, thus barring any subsequent proceeding by the cooperative to recover the same arrears (*see Fifty CPW Tenants Corp. v Epstein*, 16 AD3d 292 [2005]). Concur—Tom, J.P., Saxe, Friedman, Sullivan and McGuire, JJ.