STATE OF NEW YORK ex rel. THOMAS C. WILLCOX, Appellant, v CREDIT SUISSE SECURITIES (USA) LLC et al., Respondents. [36 NYS3d 89]—

Order, Supreme Court, New York County (Kelly O'Neill Levy, J.), entered July 22, 2015, which, insofar appealed from as limited by the briefs, granted defendants' motion to dismiss the amended complaint and denied relator Thomas C. Willcox's motion for leave to file a third amended complaint, unanimously affirmed, without costs.

As relator basically concedes on appeal, the claims pled in his amended complaint were time-barred. Hence, the real issue is whether the court properly denied his motion for leave to file a third amended complaint.

While leave to amend should be freely given (*see e.g. McGhee*

*v Odell*, 96 AD3d 449, 450 [1st Dept 2012]), "a court must examine the merit of the proposed amendment in order to conserve judicial resources" (*360 W. 11th LLC v ACG Credit Co. II, LLC*, 90 AD3d 552, 553 [1st Dept 2011]). Relator fails to state a claim for violation of State Finance Law § 189 (1) (g).[1] His theory—that *if* defendants' alleged underreporting of their income in 1999 created a deficiency that carried over into subsequent years, their New York state corporate franchise tax returns filed between January 2002 and January 2013 constituted false claims under the doctrine of implied false certification—is speculative. A complaint is properly dismissed if it is "based on pure speculation" (*HT Capital Advisors v Optical Resources Group*, 276 AD2d 420, 420 [1st Dept 2000]; *see also United States ex rel. Ramos v Icahn Sch. of Medicine at Mount Sinai*, 2015 WL 5472933, *7, 2015 US Dist LEXIS 124090, *19 [SD NY, Sept. 16, 2015, No. 12 Civ 5089(GBD)] ["speculative general assertion" not enough for False Claims Act]; *Ebeid ex rel. U.S. v Lungwitz,* 616 F3d 993, 999 [9th Cir 2010] [relator must "supply reasonable indicia that false claims were actually submitted"], *cert denied* 562 US 1102 [2010]).[2] Furthermore, "the implied certification theory of liability should not be applied expansively" (*United States ex rel. Wilkins v United Health Group, Inc.*, 659 F3d 295, 307 [3d Cir 2011]; *see also Mikes v Straus*, 274 F3d 687, 699 [2d Cir 2001]), and State Finance Law § 189 (1) (g) requires the "false record or statement" to be "*material* to [the] obligation to pay . . . money . . . to the state . . . government" (emphasis added). Concur—Sweeny, J.P., Acosta, Feinman, Kapnick and Webber, JJ.

---

1. On appeal, he does not contest the motion court's rulings regarding conspiracy; therefore, we need not examine his cause of action for violation of section 189 (1) (c).

2. "The [New York False Claims Act] follows the federal False Claims Act . . . and therefore it is appropriate to look toward federal law when interpreting the New York act" (*State of New York ex rel. Seiden v Utica First Ins. Co.*, 96 AD3d 67, 71 [1st Dept 2012], *lv denied* 19 NY3d 810 [2012]).