State of N.Y. ex rel. Perkins v Cooke Ctr. for Learning & Dev., Inc. (2018 NY Slip Op 05903)





State of N.Y. ex rel. Perkins v Cooke Ctr. for Learning & Dev., Inc.


2018 NY Slip Op 05903


Decided on August 23, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 23, 2018

Sweeny, J.P., Webber, Gesmer, Singh, Moulton, JJ.


6633 100851/14

[*1]State of New York ex rel. Kristie Perkins, Plaintiff-Appellant,
v
Cooke Center for Learning & Development, Inc. Defendant-Respondent.


David Abrams, Attorney at law, New York (David Abrams of counsel), for appellant.
Babchik & Young, LLP, White Plains (Siobhan A. Healy of counsel), for respondent.



Order, Supreme Court, New York County (James E. d'Auguste, J.), entered May 17, 2017, which granted defendant's motion for summary judgment dismissing a qui tam action, unanimously affirmed, without costs.
Plaintiff alleges that, at the direction of defendant, she prepared certain RSA-7B forms indicating that, during the 2013-2014 school year, she performed one-on-one paraprofessional services for a student, Lydia C., which forms defendant then submitted to the New York City Department of Education (NYCDOE) for reimbursement. She further alleges that she did not actually perform these services for which defendant was, allegedly, fraudulently compensated. Defendant made a prima facie showing of entitlement to summary judgment as a matter of law by submitting the affidavit of its Vice President and General Counsel, Deborah Cooper, and the stipulation of settlement between Lydia C.'s parent[s] and the NYCDOE, whereby defendant would be compensated for all services to Lydia C. for that school year by way of a lump sum payment, without the submission of any RSA-7B forms.
Plaintiff's opposition to defendant's motion fails to raise a triable issue of fact. For the first time, in opposition to defendant's motion, plaintiff improperly submitted an amended complaint which changed her theory of recovery (see Ostrov v Rozbruch, 91 AD3d 147, 154 [1st Dept 2012]; Mezger v Wyndham Homes, Inc., 81 AD3d 795, 796 [2d Dept 2011]; Abalola v Flower Hosp., 44 AD3d 522 [1st Dept 2007]). That complaint was not considered below, and is not considered now. Moreover, plaintiff does not deny that, as asserted in the Cooper affidavit, she had no direct or independent knowledge of what, if anything, defendant submitted to the NYCDOE. Speculative assertions are not enough to state a claim under the False Claims Act. The relator must submit " reasonable indicia that false claims were actually submitted'" (State Of N.Y. ex rel. Willcox v Credit Suisse Sec. [USA] LLC, 140 AD3d 622 [1st Dept 2016]). Nor was plaintiff entitled to discovery pursuant to CPLR 3212(f), as her speculations regarding such submissions were insufficient to show that discovery was necessary, as they represented a mere hope that evidence sufficient to avoid summary judgment may be uncovered (see Tavarez v Herrasme, 140 AD3d 453, 454 [1st Dept 2016]; Weintraub v Phillips, Nizer, Benjamin, Krim & Ballon, 172 AD2d 254 [1st Dept 1991]).
We have examined plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: AUGUST 23, 2018
DEPUTY CLERK