Russo v United Fedn. of Teachers (2020 NY Slip Op 07516)





Russo v United Fedn. of Teachers


2020 NY Slip Op 07516


Decided on December 15, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 15, 2020

Before: Kapnick, J.P., Mazzarelli, Singh, Kennedy, JJ. 


Index No. 100394/18 Appeal No. 12654 Case No. 2019-5450 

[*1]Anthony John Russo, Plaintiff-Appellant,
v
United Federation of Teachers et al., Defendants-Respondents.


Anthony John Russo, appellant pro se.
Lichten & Bright P.C., New York (Stuart Lichten of counsel), for United Federation of Teachers, respondent.
James E. Johnson, Corporation Counsel, New York (Diana Lawless of counsel), for New York City Department of Education, respondent.



Order, Supreme Court, New York County (Kathryn E. Freed, J.), entered May 3, 2019, which granted the motions of defendants New York City Department of Education (DOE) and United Federation of Teachers (UFT) to dismiss the complaint, unanimously affirmed, without costs.
The complaint in this case points to UFT's alleged failure to properly represent plaintiff during his Education Law § 3020-a proceedings, which occurred no later than April 2012. Since the applicable statute of limitations was four months from the date the employee knew or should have known that such breach occurred, and this action was commenced in March 2018, it was untimely (CPLR 217[a]). Characterizing a claim for breach of the duty of fair representation as one for breach of contract is unavailing to avoid the four-month limitations period (see Roman v City Empls. Union Local 237, 300 AD2d 142, 142 [1st Dept 2002], lv denied 100 NY2d 501 [2003]).
Plaintiff's breach of contract claim against the Department of Education (DOE) was properly dismissed for failure to serve a notice of claim within three months of claim accrual (see Education Law § 3813[1]; Alfred Santini & Co. v City of New York, 266 AD2d 119, 120 [1st Dept 1999], lv denied 95 NY2d 752 [2000]). Even considering plaintiff's claims against the DOE, they were all related to his termination, which were litigated, or could have been litigated in his Education Law§ 3020-a hearing or his proceeding to vacate the arbitration award, and are barred by the doctrine of res judicata (see Fifty CPW Tenants Corp. v Epstein, 16 AD3d 292 [1st Dept 2005]).
Plaintiff's claim for breach of contract stemmed from the fact that UFT did not offer him participation in certain remediation programs during the 2008-09, 2009-10, and 2010-11 school years, which were the years that were the subject of his § 3020-a hearings. The breach of contract claim was therefore barred by the six-year statute of limitations since it would run, at the latest, in 2017 (CPLR 213).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 15, 2020