State of New York v Credit Suisse Sec. (USA) LLC (2022 NY Slip Op 06774)

State of New York v Credit Suisse Sec. (USA) LLC

2022 NY Slip Op 06774

Decided on November 29, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 29, 2022

Before: Acosta, P.J., Kern, Singh, Scarpulla, Pitt, JJ. 

Index No. 100356/16 Appeal No. 16758 Case No. 2021-03942 

[*1]State of New York for the City of New York ex rel. Thomas C. Willcox, Plaintiff-Appellant,
v
Credit Suisse Securities (USA) LLC, as Successor-in-Interest to Donaldson Lufkin & Jenrette Securities Corporation et al., Defendants-Respondents.

Thomas C. Willcox, New York, for appellant.
Shearman & Sterling LLP, New York (Grace J. Lee of counsel), for respondents.

Order, Supreme Court, New York County (James Edward D'Auguste, J.), entered on or about June 22, 2021, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss the first amended complaint and denied plaintiff-relator's motion for leave to file a second amended complaint, unanimously affirmed, with costs.
The court correctly concluded that the complaint was barred by res judicata, as plaintiff-relator's claims that defendant defrauded the City of tax revenue in two transactions involving the private placement of notes in 1999 arose out of the same transactions that were at issue in a prior action involving the same parties (see State of N.Y. ex rel. Willcox v Credit Suisse Sec. [USA] LLC, 140 AD3d 622 [1st Dept 2016] [Willcox I]; see generally Marinelli Assoc. v Helmsley-Noyes Co., 265 AD2d 1, 5 [1st Dept 2000]). The claims in both actions were "grounded on the same gravamen of the wrong" — evasion of taxes — notwithstanding that relator alleged evasion of State taxes in Willcox I and evasion of City taxes in this action (Smith v Russell Sage Coll., 54 NY2d 185, 192 [1981]; see Jacobson Dev. Group, LLC v Grossman, 198 AD3d 956, 959-960 [2d Dept 2021]).
The court also correctly dismissed the complaint on the ground that relator was collaterally estopped from relitigating his implied false certification theory of liability, raised in an attempt to circumvent the statute of limitations, as the theory was rejected on the merits in Willcox I (see Willcox I, 140 AD3d at 623; see generally Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 349 [1999]). Although collateral estoppel does not preclude relitigation of pure issues of law, this Court's prior holding was on a mixed question of law and fact, involving the application of principles of law to substantially the same facts as here (see American Home Assur. Co. v International Ins. Co., 90 NY2d 433, 440 [1997]). Contrary to relator's contention, the newly-submitted expert opinions did not render this action factually dissimilar from Willcox I. In any event, the expert reports were insufficient to undo the finality of the prior ruling (see Matter of Reilly v Reid, 45 NY2d 24, 28 [1978]; Marinelli, 265 AD2d at 6-7).
Relator's contention that the preclusive effect of Willcox I had been invalidated by the overruling of caselaw on which our prior ruling was based is unavailing. Although the United States Supreme Court decision in Universal Health Servs., Inc. v United States ex rel. Escobar (579 US 176 [2016]) endorsed an arguably more expansive view of implied false certification, it did not address the specific situation here (tax refund requests). Further, cases decided after Escobar undermine the viability of relator's implied false certification theory of liability in reviving time-barred claims (see Total Asset Recovery Servs. LLC v Metlife, Inc., 189 AD3d 519, 524 [1st Dept 2020]; United States ex rel. Pelullo v American Intl. Group, Inc., 2017 WL 3610514[*2], *3, 2017 US Dist LEXIS 134100, *8 [SD NY, Aug. 21, 2017, No. 16-CV-5694 (KBF)], affd 757 Fed Appx 15 [2d Cir 2019]). In any event, even if the cases on which this Court relied had been overruled, "[t]he conclusive effect of a final disposition is not to be disturbed by a subsequent change in decisional law" (Matter of Gowan v Tully, 45 NY2d 32, 36 [1978] [internal quotation marks omitted]).
Because relator was collaterally estopped from relitigating his implied false certification theory of liability, this action was also properly dismissed as time-barred. It is undisputed that the alleged improper conduct that gave rise to the claims occurred in 1999, well over 10 years before this action was filed (see State Finance Law § 192 [1]).
Finally, the court providently exercised its discretion in denying leave to amend the complaint, as the proposed amendments did not cure the substantive defects of the amended complaint (see Kliebert v McKoan, 228 AD2d 232, 233 [1st Dept 1996], lv denied 89 NY2d 802 [1996]). In view of this, we need not reach the parties' arguments with respect to standing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 29, 2022