Guide N.Y. City Inc. v Pearlbud Realty Corp. (2024 NY Slip Op 02020)

Guide N.Y. City Inc. v Pearlbud Realty Corp.

2024 NY Slip Op 02020

Decided on April 16, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 16, 2024

Before: Moulton, J.P., Gesmer, González, Rodriguez, Michael, JJ. 

Index No. 152142/21, 650586/22 Appeal No. 2048-2049-2050-2051-2052-2053-2054-2055 Case No. 2023-01923, 2023-05002, 2023-05003, 2023-05004 

[*1]Guide New York City Inc., Plaintiff-Appellant,
v
Pearlbud Realty Corporation et al., Defendants-Respondents.
Pearlbud Realty Corporation, Plaintiff-Respondent,
v
Guide New York City Inc., et al., Defendants-Appellants.

Glassberg & Associates, LLC, New York (Steven H. Glassberg of counsel), for appellants.
Guzov, LLC, New York (Philip M. Smith of counsel), for respondents.

Order, Supreme Court, New York County (Lisa S. Headley, J.), entered on or about March 20, 2023, which, in action 1, insofar as appealed from, granted the motion of defendants Pearlbud Realty Corporation (Pearlbud) and Wayfinder PM LLC to dismiss plaintiff Guide New York City Inc.'s (Guide NYC) claims for prima facie tort and tortious interference with prospective economic advantage as barred by the doctrine of res judicata, unanimously affirmed with costs. Order, same court (Lucy Billings, J.), entered September 15, 2023, which, in action 2, granted plaintiff Pearlbud's motion to dismiss defendants Guide NYC and Mergen Saryyev's counterclaims under CPLR 3211(a)(1) and (5), and granted Pearlbud's motion for summary judgment on its claims for unpaid rent, additional rent, and attorneys' fees under the lease and guaranty, unanimously affirmed, with costs.
These appeals relate to three separate pleadings in which Guide NYC has asserted claims and counterclaims against its landlord, Pearlbud, and its managing agent, WayFinder PM LLC, for tortious interference with prospective economic advantage and related claims.
We agree with the motion court in both actions that res judicata applies to Guide NYC's claims and counterclaims for tortious interference with prospective economic advantage, prima facie tort, and constructive eviction. All of these claims arise from the same facts and transactions alleged in a 2020 action by Guide NYC, in which it resolved its first claim for tortious interference with prospective economic advantage against Pearlbud by stipulation of discontinuance with prejudice (see Navigators Ins. Co. v Ironshore Indem., Inc., 156 AD3d 426, 427 [1st Dept 2017]). Where a stipulation of discontinuance does not "contain any reservation of the right to pursue related claims or limitation of the claims disposed of to those actually asserted in that proceeding, [it] is accorded the same res judicata effect as a judgment on the merits" (Fifty CPW Tenants Corp. v Epstein, 16 AD3d 292, 294 [1st Dept 2005]). We reject the argument of Guide NYC that the addition of new parties and new theories of recovery preclude the application of res judicata. We see no reason to depart from the well-established principle stated above where, as here, the claims and counterclaims in the three actions assert nearly identical allegations that Pearlbud, as Guide NYC's landlord, either separately or together with its property manager Wayfinder, intentionally leased nearby space to Guide NYC's competitor in the highly regulated pedicab business, causing Guide NYC to lose sales and good will (id. at 293 ["a claim will be barred by the prior adjudication of a different claim arising out of the same factual grouping even if the claims involve materially different elements of proof"] [internal quotation marks omitted]).
Contrary to Guide NYC's contention, the addition of Pearlbud's property manager, Wayfinder, as a defendant in the second action does not affect this [*2]analysis, as Guide NYC failed to allege any specific conduct by Wayfinder, and the motion court properly determined that Pearlbud and Wayfinder were in privity for res judicata purposes (see Green v Santa Fe Indus., 70 NY2d 244, 253 [1987]). Similarly, the addition of Guide NYC's sole owner and guarantor, Mergen Saryyev, as a defendant in action 2 does not warrant a different result, as there is no merit to the contention that a tenant and its sole owner and guarantor lack privity in these circumstances (see Bankers Tr. Co. v Javeri, 105 AD2d 638, 639 [1st Dept 1984]).
Finally, we affirm the award of summary judgment in favor of Pearlbud on its claims for unpaid rent, additional rent, and attorneys' fees under the lease and guaranty. The motion court properly determined that Pearlbud established its prima facie case against Guide NYC and Saryyev by submitting, through the affidavit of its property manager, the lease, which contained the guaranty provisions, the 30-day notice informing defendants of the default in the payment of rent and additional rent, and the tenant ledger setting forth the amounts due under the lease and guaranty (see e.g. Thor Gallery at S. Dekalb, LLC v Reliance Mediaworks [USA] Inc., 143 AD3d 498 [1st Dept 2016]). Although Guide NYC and Saryyev maintain that summary judgment was premature because Pearlbud had not yet served a reply to the counterclaims, Pearlbud's affirmative claims were properly joined by the service of Guide NYC and Saryyev's answer with counterclaims. These circumstances differ from the case of City of Rochester v Chiarella (65 NY2d 92 [1985]), relied on by Guide NYC and Saryyev, in which it was the defendant seeking summary judgment before the plaintiff had a chance to answer the counterclaims, which is not the procedural posture here (id. at 102). With respect to their assertion that discovery is necessary under CPLR 3212(f), Guide NYC and Saryyev did not deny the relevant provisions of the lease and guaranty, contest the amounts due, or identify what additional facts are necessary for their defense of the action.
We have considered the remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 16, 2024